]UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANNE FLORENCE ANDRE-PEARSON,

           Plaintiff,

vs.

GRAND VALLEY HEALTH PLAN, INC.
a Michigan Corporation

           Defendant.

Hon. Paul Maloney
Case No. 1:12-cv-01223

---

| | |
|---|---|
| MICHELLE M. MCLEAN (P71393)<br>JOEL W. BAAR (P56796)<br>MICHAEL J. DISTEL (P43814)<br>BOLHOUSE, BAAR & LEFERE, P.C.<br>Attorney for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Drive, SW<br>Grandville, MI 49418<br>michellem@bolhouselaw.com<br>joelb@bolhouselaw.com<br>michaelj@bolhouselaw.com | MICHAEL A. ALAIMO (P29610)<br>BRIAN M. SCHWARTZ (P69018)<br>MILLER CANFIELD PADDOCK & STONE PLC<br>Attorneys for Defendant<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313)963-6420<br>alaimo@millercanfield.com<br>schwartzb@millercanfield.com |

# BRIEF IN SUPPORT OF MOTION TO DISMISS

## I. Introduction

Plaintiff Anne Florence Andre-Pearson ("Plaintiff") filed her Complaint in state court asserting claims for breach of contract and exemplary damages. Her claims derive from the processing of her claim for benefits pursuant to a plan covered by the Employee Retirement Income Security Act ("ERISA"). On November 5, 2012, Defendant Grand Valley Health Plan ("GVHP") timely removed Plaintiff's Complaint to this Court on the basis of federal question jurisdiction. (Dkt#1, Notice of Removal, ¶4 [Page ID#2].) As discussed more fully below, ERISA completely preempts each of Plaintiff's claims. Plaintiff's breach of contract claim seeks to recover an ERISA plan benefit. Additionally, her claim for "exemplary damages" seeks a remedy for failing to provide the ERISA-covered benefits in addition to what is recoverable under ERISA's comprehensive civil enforcement mechanisms. Not only do the allegations and claims in this lawsuit give rise to federal question jurisdiction under ERISA, but under binding Sixth Circuit precedent Plaintiff's state law claims should dismissed because they are preempted.

## II. Background Facts

Plaintiff's Complaint alleges that GVHP "was obligated to provide and arrange for covered health care services … for the benefit of Plaintiff pursuant to the terms and conditions of the Agreement … and pursuant to the Certificate." (Dkt#1, Ex 1, Complaint, ¶14 [Page ID#8].) The "Agreement" refers to a Group Letter of Agreement between Storymakers LLC and GVHP, (*id.*, Complaint Ex A, [Page ID##8-26]), which obligates GVHP to provide health care services pursuant to the Certificate, *i.e.,* the 2011 Group Subscriber Certificate of Coverage, (*id.*, Complaint Ex B, [Page ID##29-64].)

According to Plaintiff, she received medical services consisting of surgeries, physician consultations, injections, examinations, emergency services, hospital admissions and other treatment. (*Id.*, ¶17-40 [Page ID##8-11].) She further alleges that GVHP denied coverage and

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

refused to pay for certain services. (*Id.*, ¶¶41-42 [Page ID##11-12].) According to Plaintiff, GVHP "has wrongfully denied or failed to pay over $325,000 in claims associated with the care and treatment of Plaintiff's medical condition, plus any and all attorney's fees and related expenses incurred in pursuing reimbursement for such services from [GVHP]." (*Id.*, ¶51 [Page ID#13].)

The Complaint asserts two causes of action. Count I, "Breach of Contract" alleges that GVHP breached a "Contract"[1] to provide benefits and pay for medical services. It seeks to recover "$325,000 in wrongfully denied or unpaid claims associated with the care and treatment of Plaintiff's medical condition." (*Id.*, ¶¶54-55, 57 [Page ID##13-14].) Count II, "Exemplary Damages," alleges that as a result of GVHP's failure to provide benefits, Plaintiff was subjected to "outrage, humiliation, mental anguish, anxiety, depression, unnecessary physical suffering and excruciating pain." (*Id.*, ¶63 [Page ID#14].) Plaintiff's "Prayer for Relief" seeks judgment against GVHP "in an amount equal to [Plaintiff's] actual unreimbursed medical costs and expenses, plus costs and reasonable attorney fees incurred in enforcing her rights under the Contract…." (*Id.* at pp. 9-10 [Page ID##14-15].) The Prayer for Relief also seeks an award of "exemplary damages." (*Id.* at p. 10 [Page ID#15].)

### III. Argument

**A. Applicable Legal Principles**

ERISA governs employee benefit plans. 29 U.S.C. §1003(a). To ensure uniform federal interpretation of covered plans, Congress included in ERISA an extraordinarily broad preemption provision. ERISA §514(a) provides that ERISA "shall supersede any and all State

---

[1] The "Contract" Plaintiff identifies includes the Group Letter of Agreement, the 2011 Group Subscriber Certificate of Coverage and the Member Handbook attached to Plaintiff's Complaint. (Dkt#1, Notice of Removal, Exhibit 1, Complaint, ¶53 (referring to Exhibits A, B and C attached to the Complaint.) [Page ID#13].)

laws insofar as they may now or hereafter relate to any [ERISA-covered] employee benefit plan …." 29 U.S.C. § 1144(a). "State laws" is broadly defined to include "all laws, decisions, rules, regulations or other state action having the effect of law of a state." 29 U.S.C. §1144(c)(1). ERISA completely preempts state law causes of action, even if they are pled in terms of state law. *Aetna Health v. Davila*, 542 U.S. 200, 207-08, 214 (2004). Thus, this lawsuit was properly removable to this Court even though the Complaint does not expressly reference ERISA and the claims seek relief under state common law. *Id.* at 214.

The Supreme Court and the Sixth Circuit have repeatedly emphasized ERISA's "expansive pre-emption provisions." *Id.* at 208; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (discussing the "expansive sweep of the pre-emption clause"); *Briscoe v. Fine*, 444 F.3d 478, 497 (6th Cir. 2006). Indeed, the Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.3d 1272, 1276 (6th Cir. 1991). More specifically, the Sixth Circuit has held that state law claims are preempted if they: "(1) mandate employee benefit structures of their administration; (2) provide alternative enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Briscoe*, 444 F.3d at 497 (quoting *Penny/Ohlmann/Niemann v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005)). Ultimately, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell*, 944 F.3d at 1276; *Briscoe*, 444 F.3d at 499 ("The Supreme Court … has repeatedly refused to permit plaintiffs to elevate form over substance and to allow parties to evade the preemptive scope of ERISA simply by relabeling their claims.") (internal citations and quotations omitted).

**B.     ERISA Preempts Plaintiff's State Law Claims, Which Should Be Dismissed.**

Plaintiff's claims seek to recover benefits under an ERISA-covered plan. As noted above, Plaintiff alleges that GVHP "was obligated to pay services" under the "Contract." (Dkt#1, Notice of Removal, Exhibit 1, Complaint, ¶¶53-54 [Page ID# 13].) The Contract that was allegedly breached is an ERISA "employee welfare benefit plan." 29 U.S.C. §1002(1);[2] (*see also* Dkt#1, Exhibit 1, Complaint Ex B, Certificate of Coverage at pp. 34-35 ("Your Rights Under ERISA") [Page ID##63-64] and Complaint Ex C, Member Handbook at pp. 38-39 [Page ID##103-04] (directing member where they can "learn more about your rights under ERISA")).

Courts have repeated held that state law breach of contract claims seeking to recover ERISA plan benefits are preempted. *See, e.g., Cromwell*, 944 F.3d at 1276.; *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 482 (6th Cir. 2002)(dismissing contract claims as preempted). This is because such "state law claims are at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan." *Cromwell*, 944 F.3d at 1276. In other words, "any state-law cause of action that *duplicates*, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209 (emphasis added). Here, because Plaintiff's breach of contract claim seeks to recover plan benefits, it provides an "alternative enforcement mechanism" and is preempted.

---

[2] An "employee welfare benefit plan" or "welfare plan" means: "**any** plan, fund, or program … established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) **medical, surgical, or hospital care or benefits** …." 29 U.S.C. §1002(1) (emphasis added).

Similarly, courts have dismissed as preempted claims that seek to recover tort damages beyond what is permitted by ERISA because ERISA's civil enforcement mechanisms are "exclusive [and] would be undermined if state causes of action that supplement the ERISA §502(a) remedies were permitted." *Davila*, 542 U.S. at 216. Thus, causes of action for mental anguish damages related to the processing of plan benefits are preempted. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 61-62 (1987); *Chiroff v. Life Insurance Company of N. Am.*, 142 F. Supp. 2d 1360, 1368 (S.D. Fla. 2000) ("Plaintiff also argues that he is entitled to exemplary damages. This argument lacks merit. It is well-settled that ERISA's civil enforcement provision, 29 U.S.C.§ 1132, does not permit recovery of extra-contractual, compensatory or punitive damages.")

## IV.     Conclusion

For the foregoing reasons, GVHP requests that the Court dismiss Plaintiff's complaint in its entirety because it is completely preempted by ERISA.

    Respectfully submitted

    Miller, Canfield, Paddock and Stone, P.L.C.


    By /s/ Brian M. Schwartz
    Brian M. Schwartz (P69018)
    Attorneys for Defendant
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    313-963-6420; FAX 313-496-8451
    schwartzb@millercanfield.com

Dated: November 12, 2012

## CERTIFICATE OF SERVICE

 I hereby certify that on November 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to:

 Michelle Marie McLean  michellem@bolhouselaw.com

            /s/Brian M. Schwartz
            Brian M. Schwartz (P69018)
            MILLER, CANFIELD, PADDOCK
            AND STONE, P.L.C.
            Attorneys for
            150 West Jefferson, Suite 2500
            Detroit, MI 48226
            (313) 963-6420
            schwartzb@millercanfield.com

20,617,776.2\133863-00012

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.