UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANNE FLORENCE ANDRE-PEARSON,

        Hon. Paul Maloney
    Plaintiff,        Case No. 1:12-cv-01223

v.

GRAND VALLEY HEALTH PLAN, INC.
a Michigan Corporation

    Defendant.

---

| | |
|---|---|
| MICHELLE M. MCLEAN (P71393) | MICHAEL A. ALAIMO (P29610) |
| JOEL W. BAAR (P56796) | BRIAN M. SCHWARTZ (P69018) |
| MICHAEL J. DISTEL (P43814) | MILLER CANFIELD PADDOCK & STONE PLC |
| BOLHOUSE, BAAR & LEFERE, P.C. | Attorneys for Defendant |
| Attorney for Plaintiff | 150 West Jefferson, Suite 2500 |
| Grandville State Bank Building | Detroit, Michigan 48226 |
| 3996 Chicago Drive, SW | (313)963-6420 |
| Grandville, MI 49418 | alaimo@millercanfield.com |
| michellem@bolhouselaw.com | schwartzb@millercanfield.com |
| joelb@bolhouselaw.com | |
| michaelj@bolhouselaw.com | |

---

**DEFENDANT'S COMBINED (1) RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND (2) REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## I. Introduction[1]

Plaintiff Anne Florence Andre-Pearson ("Plaintiff") asserts claims for breach of contract and exemplary damages arising out of the processing of a claim for benefits pursuant to an ERISA employee welfare benefit plan. Therefore, this Court has subject matter jurisdiction over this lawsuit and each of Plaintiff's state law claims are preempted. 28 U.S.C. §1331; 29 U.S.C. §§1132(e), 1144(a). As discussed below, Plaintiff's attempts to skirt the broad preemptive scope of ERISA by misinterpreting statutory provisions and regulations lack merit. Accordingly, because Plaintiff does not dispute that her claims are otherwise preempted if the plan is ERISA-covered, Defendant Grand Valley Health Plan ("GVHP") requests that the Court deny Plaintiff's Motion to Remand and grant GVHP's Motion to Dismiss.

## II. Background Facts

Plaintiff's Complaint alleges that GVHP "was obligated to provide and arrange for covered health care services … for the benefit of Plaintiff pursuant to the terms and conditions of the Agreement … and pursuant to the Certificate." (Dkt#1, Ex 1, Complaint, ¶14 [Page ID#8].) The "Agreement" refers to a Group Letter of Agreement between Storymakers LLC and GVHP, (*id.*, Complaint Ex A, [Page ID##8-26]), which obligates GVHP to provide health care services pursuant to the Certificate, *i.e.,* the 2011 Group Subscriber Certificate of Coverage, (*id.*, Complaint Ex B, [Page ID##29-64].)

Storymakers LLC was only able to enter into the Group Letter of Agreement because of its membership in the Rockford Chamber of Commerce ("Chamber"). (Ex 1, Dunwoody Dec,

---

[1] Plaintiff's response to Defendant Grand Valley Health Plan's ("GVHP") Motion to Dismiss relied on the same facts and arguments raised in her Motion to Remand. (Dkt#11, Pl's Br at 1 ("The Court will note that the law and arguments in support of remanding the case are identical to the law and arguments against summary disposition on the basis of ERISA jurisdiction.")). Therefore, to avoid burdening the Court with multiple briefs, GVHP has combined its Response to Plaintiff's Motion to Remand with its Reply in support of its Motion to Dismiss.

¶4). Effective July 1, 2010, the Chamber and GVHP entered into an Association Marketing Agreement ("AMA"), whereby the Chamber became the "Association Plan Sponsor." (*Id.*, Exhibit A, 2010 AMA at 1.) A similar AMA was signed in 2011. (*Id.*, Exhibit B, 2011 AMA). The AMA permits "Adopting Employers and/or Association Members with the right to receive a group specific premium rate discounted by 2%." (*Id.*, Exhibit A, 2010 AMA at 1.) From July 1, 2010 to the present, there were 18 Adopting Employers, with a total of 24 subscribing participant-employees and 37 members. (*Id.*, ¶3).

Pursuant to the 2010 AMA, Storymakers LLC signed "Attachment D: Adoption Agreement." (*Id.*, Exhibit C, 2010 Adoption Agmt). The Adoption Agreement identifies Storymakers LLC as a "Responsible Party" and states, in part:

> 1.1 Responsible Party adopts the Association Plan Sponsor's Health Plan and joins in the Agreement. Responsible Party agrees to perform all duties and take on all responsibilities assigned to a Responsible Party under the Agreement.

(*Id.*) By agreeing to adopt the broader health plan that includes the participant-employees of all other Adopting Employers, Storymakers LLC received discounted health insurance.

### III. Procedural History

On or about October 5, 2012, Plaintiff filed her complaint in Kent Count Circuit Court. (Dkt#1, Notice of Removal, ¶1 [Page ID#1]). On November 5, GVHP timely removed Plaintiff's Complaint to this Court on the basis of federal question jurisdiction. (*Id.*) On November 12, GVHP filed a Motion to Dismiss because ERISA preempts each of Plaintiff's state law claims. (Dkt#6, Motion to Dismiss; Dkt#7, Brief in Support of Motion to Dismiss). On November 21, Plaintiff filed both a Motion to Remand and a response to GVHP's Motion to Dismiss. (Dkt##8-12).

## IV. Argument

ERISA comprehensively governs "employee benefit plans." 29 U.S.C. §1003(a). As stated in GVHP's Brief in Support of Motion to Dismiss (Dkt#7), ERISA contains a broad preemption provision stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA-covered] employee benefit plan …." 29 U.S.C. § 1144(a). Plaintiff does not dispute that if the Plan is ERISA-covered, then this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1132(e) (ERISA jurisdiction) and 29 U.S.C. §1144(a) (ERISA preemption). *See also Aetna Health v. Davila*, 542 U.S. 200, 207-08, 214 (2004). Nor does Plaintiff dispute that, under these circumstances, her state law claims would be preempted. Instead, Plaintiff asserts that the Plan is exempt from ERISA pursuant to 29 U.S.C. §1191a and 29 C.F.R. §2510.3-3. As discussed below, Plaintiff's arguments lack merit and her motion to remand should be denied and her claims dismissed.

### A. Small Group Health Plans Are Not Exempt From ERISA's Preemption Provisions By 29 U.S.C. §1191a.

ERISA's numerous regulatory provisions are contained in Subtitle B, which is divided into seven separate "Parts." 29 U.S.C. §§1021-1191c. ERISA's broad preemption provision, 29 U.S.C. §1144 is in "Part 5 – Administration and Enforcement." 29 U.S.C. §§1131-1151. Specific rules for group health plans are in "Part 7 – Group Health Plan Requirements." 29 U.S.C. §§1181-1191c.

The small group health plan "exception" that provision Plaintiff relies on, 29 U.S.C. §1191a, is in Part 7. It states:

> (a) General exception for certain small group health plans
>
> The requirements of this **part** (other than section 1185 of this title) shall not apply to any group health plan (and group health insurance coverage offered in

> connection with a group health plan) for any plan year if, on the first day of such plan year, such plan has less than 2 participants who are current employees.

29 U.S.C. §1191a (emphasis added). By its clear language, this "exception" only exempts small group health plans (defined as those with less than two current employee-participants) from the specific "Group Health Plan Requirements" in Part 7 of ERISA.

This conclusion is strengthened by other provisions of the statute and the regulations. The immediate preceding section, 29 U.S.C. §1191(a)(1)(2), states:

> (2) Continued preemption with respect to group health plans
>
> Nothing in this **part** shall be construed to affect or modify the provisions of section 1144 of this title with respect to group health plans.

29 U.S.C. §1191(a)(1)(2) (emphasis added). Similarly, 29 C.F.R. §2590.731 states:

> (b) Continued preemption with respect to group health plans. Nothing in part 7 of subtitle B of Title I of the Act affects or modifies the provisions of section 514 of the Act [29 U.S.C. §1144] with respect to group health plans.

29 C.F.R. §2590.731. Thus, small group health plans are remain subject to ERISA's broad preemption provisions.

**B.    The "Safe Harbor" in 29 C.F.R. §2510.3-3 Does Not Apply**

Plaintiff's reliance on the "safe harbor" in 29 C.F.R. §2510.3-3 is misplaced for at least two reasons.[2] This regulation purports to "clarify" the unambiguous definition of "employee benefit plan" in 29 U.S.C. §1002(3). It provides a very limited exemption from ERISA and states, in pertinent part:

> (b) Plans without employees. For purposes of title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program,

---

[2] Prior to filing her remand motion, Plaintiff sought concurrence based on 29 U.S.C. §1191a only and not 29 C.F.R. §2510.3-3. (Dkt#8-1). Additionally, Plaintiff did not provide any information about the ownership structure of Storymakers LLC. Instead, Plaintiff stated that there was a single "owner" of Storymakers, ignoring the presence of the ownership interest by Andre-Pearson LLC. On this basis alone, Plaintiff's request for costs and attorney fees pursuant to 28 U.S.C. §1447(c) should be denied.

-5-

> other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section…..
>
> (c) Employees. For purposes of this section:
>
>> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which **is wholly owned by the individual** or by the individual and his or her spouse….

29 C.F.R. §2510.3-3 (emphasis added). "On its face, the regulation applies only to 'an individual' [or an individual and spouse] who wholly own[s]' a business." *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 775 (6th Cir. 2001).

Determining whether Storymakers LLC is wholly owned by the employee (Doug Pearson) and his wife (Plaintiff) requires the Court to assess Storymakers' corporate structure. "A corporation is its own 'person' under Michigan law, an entity distinct and separate from its owners, even when a single shareholder holds ownership of the entire corporation. Michigan law presumes that parent and subsidiary corporations constitute separate legal entities." *Hills & Dales General Hosp. v. Pantig*, 295 Mich.App. 14, 20-21, 812 N.W.2d 793 (2011). Additionally, "[t]he rules respecting the corporate form apply equally to limited liability corporations." *Id.* at 21. Applying these corporate entity rules, Storymakers LLC is not wholly owned by Doug Pearson and his wife (Plaintiff). Instead, because it is owned by Doug Pearson (10%) and a separate limited liability company, Andre-Pearson Holdings LLC (90%), it is owned by separate entities and Plaintiff cannot avail herself of the limited safe harbor provided by 29 C.F.R. §2510.3-3.[3]

---

[3] Alternatively, if the Court determines that safe harbor applies, then Defendant requests leave to conduct limited discovery into the ownership structure of Storymakers LLC and Andre-Pearson LLC.

The safe harbor is inapplicable for another reason: the Plan is part of a "multiple employer welfare arrangement" (or "MEWA"). 29 U.S.C. §1002(40)(A). Under ERISA,

> The term 'multiple employer welfare arrangement' means an employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purpose of offering or providing any benefit described in paragraph (1)[4] to the employees of two or more employers (including one or more self-employed individuals), or to their beneficiaries….

29 U.S.C. §1002(40)(A). If a MEWA is an ERISA-covered plan, then it is subject to ERISA's provisions governing employee benefit plans. An "employee welfare benefit plan" includes any plan "established or maintained by an employer." 29 U.S.C. §1002(1). ERISA defines "employer" to include "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and *includes a group or association of employers acting for an employer in such capacity*." 29 U.S.C. §1002(5) (emphasis added). Here, the "contract" Plaintiff alleges was breached[5] is part of a larger MEWA that includes of 24 subscribing participant-employees employed by 18 separate employers. Accordingly, the Plan has multiple employees and the safe harbor contained in 29 C.F.R. §2510.3-3 does not apply.

---

[4] Paragraph (1) refers to the definition of an employee welfare benefit plan and states, in pertinent part:

> "The terms "employee welfare benefit plan" and "welfare plan" mean **any** plan, fund, or program … established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) **medical, surgical, or hospital care or benefits** …."

29 U.S.C. §1002(1) (emphasis added).

[5] As stated in GVHP's motion to dismiss, the "contract" that Plaintiff identifies as allegedly being breached includes the Group Letter of Agreement, the 2011 Group Subscriber Certificate of Coverage and the Member Handbook attached to Plaintiff's Complaint. (Dkt#1, Notice of Removal, Exhibit 1, Complaint, ¶53 (referring to Exhibits A, B and C attached to the Complaint.) [Page ID#13].)

**C. Plaintiff's Request for Leave to Amend Should Be Denied Because She Fails to Attach a Complaint that States a Plausible Claim for Relief Under ERISA**

Finally, Plaintiff's request for leave to amend should be denied because she failed to attach a copy of a proposed amended complaint, as required by W.D. Mich. Local Rule 5.7(f). At most, the Court should defer ruling on a request for leave to amend until after Plaintiff files a motion for leave along with the proposed amended complaint, which will enable the Court to determine if Plaintiff states plausible claim(s) for relief pursuant to ERISA. *Witek v. Mortgage Electronic Registration Systems,* 2012 WL 2261363, *6 (W.D. Mich. June 15, 2012) ("Without the proposed amended complaint, this Court has no ability to assess the merits of the proposed amended complaint to determine whether amendment would be futile.")

## V. Conclusion

For the foregoing reasons, GVHP requests that the Court deny Plaintiff's motion for remand and dismiss Plaintiff's complaint in its entirety because it is completely preempted by ERISA.

    Respectfully submitted

    Miller, Canfield, Paddock and Stone, P.L.C.

    By /s/ Brian M. Schwartz
    Brian M. Schwartz (P69018)
    Attorneys for Defendant
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    313-963-6420; FAX 313-496-8451
    schwartzb@millercanfield.com

Dated: December 5, 2012

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to:

 Michelle Marie McLean  michellem@bolhouselaw.com

            /s/Brian M. Schwartz
            Brian M. Schwartz (P69018)
            MILLER, CANFIELD, PADDOCK
            AND STONE, P.L.C.
            Attorneys for
            150 West Jefferson, Suite 2500
            Detroit, MI 48226
            (313) 963-6420
            schwartzb@millercanfield.com

20,685,803.1\133863-00012