UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| ANNE FLORENCE ANDRE-PEARSON,<br>    Plaintiff, | Hon. Paul A. Maloney<br>Case No.1:12-cv-01223 |
| | Kent County Circuit Court<br>Case No. 12-09330-CK |
| -vs- | Hon. Donald A. Johnson |
| GRAND VALLEY HEALTH PLAN INC.,<br>A Michigan Corporation,<br><br>    Defendant.<br>_____/ | |

| | |
|---|---|
| Michelle M. McLean (P71393)<br>Joel W. Baar (P56796)<br>Michael J. Distel (P43814)<br>Bolhouse, Baar & Lefere, P.C.<br>Attorneys for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Drive, SW<br>Grandville, MI 49418<br>(616) 531-7711<br>michellem@bolhouselaw.com<br>joelb@bolhouselaw.com<br>_____/ | MICHAEL A. ALAIMO (P29610)<br>BRIAN M. SCHWARTZ (P69018)<br>MILLER CANFIELD PADDOCK &<br>STONE PLC<br>Attorneys for Defendant<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313)963-6420<br>alaimo@millercanfield.com<br>schwartzb@millercanfield.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

NOW COMES Plaintiff, Anne Florence Andre-Pearson ("Plaintiff") by and through her attorneys, Bolhouse, Baar, & Lefere PC, and does present her Brief in Support of her Motion to Amend her Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and in support so states:

**A.    Factual Background**

This case involves a demand for health insurance benefits pursuant to a health insurance plan ("the Plan") purchased from Defendant Grand Valley Health Plan ("Defendant") by Storymakers LLC ("Storymakers").  Plaintiff has been wrongfully denied benefits pursuant to the Plan, as well as in contravention of her rights under ERISA.

1

**B.** **Procedural Background**

The Defendant filed a Motion to Dismiss (ECF No. 8) and Plaintiff filed a Motion to Remand (ECF No. 8). Following the hearing on August 26, 2013, this Court granted Defendant's Motion to Dismiss, but gave Plaintiff four weeks to file a Motion for Leave to Amend. The Court ordered Plaintiff to file a copy of the proposed Amended Complaint if she chose to file a Motion for Leave to Amend.

**C.** **Reason for Plaintiff's Inclusion of State Law Claims in Proposed Amended Complaint**

Plaintiff's proposed First Amended Complaint contains various state law claims[1] as Plaintiff will be immediately filing a renewed Motion to Remand. In the event that the renewed Motion to Remand is again denied, Plaintiff will stipulate to dismiss any state law claims, as either previously dismissed or preempted by ERISA.

**D.** **Fed. R. Civ. P. 15 (a)(2); W.D. Mich. LCivR 7.1(d)**

Pursuant to Fed. R. Civ P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave.

Pursuant to W.D. Mich. LCivR 7.1(d), Plaintiff's counsel has conferred with Defendants' counsel in good faith to try and reach a concurrence on this Motion for Leave to Amend the Complaint. Defendant's counsel has advised that it will not concur, and that it will respond to any timely Motions for Leave to Amend. Plaintiff now seeks leave of this Court for permission to file her proposed First Amended Complaint.

**E.** **Analysis**

Federal Rule of Civil Procedure 15 governs when a pleading may be amended. After twenty-one days of serving a pleading or service of a responsive pleading, a party may amend its pleading only with the opposing party's written consent or at the court's leave. Fed.R.Civ.P. 15(a)(1)-(2). Leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2).

---

[1] In order to preserve her state law claims, Plaintiff has included the state law claims in her proposed First Amended Complaint.

The Supreme Court explained that leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Whether an amendment is granted is subject to the district court's discretion. Id.

A court may also deny leave to amend when the proposed amendment would be futile. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir.2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). Keely v. Department of Veterans Affairs, 10–11059, 2011 WL 824493, at *1 (E.D.Mich. Mar.3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir.2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir.2002).

The plaintiff must provide " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In the present case, Plaintiff's proposed First Amended Complaint, attached to the Motion as **Exhibit 1**, states a valid cause of action under ERISA. Furthermore, Plaintiff's proposed

Amended Complaint is replete with factual content, supported by otherwise admissible evidence, which should allow this Court to draw a reasonable inference that the Defendant is indeed liable for the misconduct alleged.  (See Exhibits to Proposed Amended Complaint, attached as **Exhibits A through EE**.)

F.      Conclusion

In the present case, an injustice would result if Plaintiff were denied leave to file her amended complaint.  Therefore, Plaintiff should be allowed to file her proposed First Amended Complaint and pursue further legal and or equitable relief with this Court.

Respectfully submitted,

Dated: September 25, 2013            Bolhouse, Baar & Lefere, P.C.

By: /s/ Michelle M. McLean
       Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Plaintiff Anne Florence Andre-Pearson

Amended Complaint is replete with factual content, supported by otherwise admissible evidence, which should allow this Court to draw a reasonable inference that the Defendant is indeed liable for the misconduct alleged.  (See Exhibits to Proposed Amended Complaint, attached as **Exhibits A through EE**.)

F.      Conclusion

In the present case, an injustice would result if Plaintiff were denied leave to file her amended complaint.  Therefore, Plaintiff should be allowed to file her proposed First Amended Complaint and pursue further legal and or equitable relief with this Court.

Respectfully submitted,

Dated: September 25, 2013            Bolhouse, Baar & Lefere, P.C.

By: /s/ Michelle M. McLean
       Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Plaintiff Anne Florence Andre-Pearson