UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| ANNE FLORENCE ANDRE-PEARSON, <br> Plaintiff, | Hon. Paul A. Maloney <br> Case No.1:12-cv-01223 |
| | Kent County Circuit Court <br> Case No.  12-09330-CK |
| -vs- | Hon. Donald A. Johnson |
| GRAND VALLEY HEALTH PLAN INC., <br> A Michigan Corporation, | |
| Defendant. <br> _____/ | |

| | |
|---|---|
| Michelle M. McLean (P71393) | MICHAEL A. ALAIMO (P29610) |
| Joel W. Baar (P56796) | BRIAN M. SCHWARTZ (P69018) |
| Michael J. Distel (P43814) | MILLER  CANFIELD  PADDOCK  & |
| Bolhouse, Baar & Lefere, P.C. | STONE PLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Grandville State Bank Building | 150 West Jefferson, Suite 2500 |
| 3996 Chicago Drive, SW | Detroit, Michigan 48226 |
| Grandville, MI 49418 | (313)963-6420 |
| (616) 531-7711 | alaimo@millercanfield.com |
| michellem@bolhouselaw.com | schwartzb@millercanfield.com |
| joelb@bolhouselaw.com | |
| _____/ | |

**PLAINTIFF'S BRIEF IN SUPPORT OF SECOND RENEWED
MOTION TO REMAND CASE TO STATE COURT**

NOW COMES Plaintiff, Anne Florence Andre-Pearson ("Plaintiff") by and through her

attorneys, Bolhouse, Baar, & Lefere PC, and files this Brief in Support of her Second Motion to

Remand Case to the State Court, and in support so states:

**A.      Factual Background**

Storymakers LLC ("Storymakers") is co-owned by Doug Pearson ("Doug Pearson") and

Andre-Pearson Holdings LLC ("Andre-Pearson"). Furthermore, Andre-Pearson Holdings LLC is

owned by Plaintiff and her husband Doug Pearson as equal co-members.  Doug Pearson has

exclusive control of Storymakers as he holds the majority ownership interest.  Other than Doug

1

Pearson, no other people have worked for Storymakers, in any capacity, during the time period relevant to this action.

### B.      Procedural Background

Plaintiff brought the current action in the State Court on October 4, 2012, alleging breach of contract and seeking exemplary damages.  Defendant removed the case to this Court on the basis of federal question jurisdiction. Defendant alleged in the notice of removal that the Plan under which the Plaintiff was attempting to recover in state court (and the state cause of action) is governed by ERISA pursuant to 29 U.S.C.A. § 1144(a).

Defendant then filed a motion to dismiss, alleging that because the Plan under which Plaintiff is attempting to recover is governed by ERISA, Plaintiff's complaint alleging state law causes of action must be dismissed.  On August 28, 2013, this Court granted Defendant's Motion to Dismiss, but gave Plaintiff four weeks by which to file a Motion to File an Amended Complaint.  Plaintiff has filed the motion, and has also filed this renewed motion to remand to state court on the basis that this Court lacks subject matter jurisdiction.

Pursuant to W.D. Mich. LCivR  7.1(d), Plaintiff's counsel has conferred with Defendant's counsel in good faith to try and reach a concurrence on this Motion but no concurrence could be reached.

### C.      Issue

The issue before the Court is whether the Defendant's health insurance plan ("the Plan") is indeed governed by ERISA.  This Court determined that the Plan did not fall under 29 C.F.R. § 2501.3–3, which limits the application of ERISA when there are no employee participants covered by a plan, because Doug Pearson was an "employee" participant.  However, pursuant to the holding in Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 124 S.Ct. 1330, U.S., 2004, a plan which covers only working owners and does not cover any non-owner employees must fall within the exception 29 C.F.R. § 2501.3–3.

**D.      Discussion**

**1. Preemption of ERISA.**

The Supreme Court has held that ERISA is a federal statute that wholly displaces state-law claims and pre-empts state law causes of action. Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); see Gentek Bldg. Prods. Inc. v. Sherwin–Williams Co., 491 F.3d 320, 325 (6th Cir.2007.)   Any claim that falls within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), even though couched in state-law terms, is completely preempted and is removable by the defendant. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The Sixth Circuit has "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." Cromwell v. Equicor–Equitable HCA Corp., 944 F.2d 1271, 1276 (6th Cir.1991). "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." Thompson v. American Home Assurance Co., 95 F.3d 429, 434 (6th Cir.1996) (collecting cases).

**2.  Exception to ERISA:  Plans with No Employees are not ERISA Plans**

ERISA authorizes the Secretary of Labor to prescribe any necessary and appropriate regulations. 29 U.S.C. § 1135. The Secretary of Labor has enacted a regulation to "clarif[y] the definition in section 3(3) of the term 'employee benefit plan' for purposes of title I of the Act and this chapter." 29 C.F.R. § 2501 .3–3(a).

Department of Labor regulations specify that any plan under which no employees are covered is not an ERISA plan, 29 C.F.R. § 2510.3–3(b), and that partners who wholly own a business are not normally employees of that business under ERISA, Id. at subsection (c)(2).

**a. Doug Pearson is not an Employee.**

In the present case, Doug Pearson is an owner of Storymakers, a company which he owns along with Andre-Pearson Holdings LLC, another company that he owns.  A sole owner or

3

partner in a partnership should not normally be considered an "employee" of the business under ERISA. *See* Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 21, 124 S.Ct. 1330, 1344, 158 L.Ed.2d 40 (2004) ("Plans that cover only sole owners or partners and their spouses ... fall outside [ERISA's] domain.").

Doug Pearson's role at Storymakers is not one of a mere employee. Instead he is a working-owner. At Storymakers, Doug Pearson controls the manner and means by which the work is accomplished. He controls all the instrumentalities and tools; he manages and directs where he will perform his work and what his hours will be. He cannot be fired, and he alone determines whether or not he will be paid a wage or receive a draw. He in fact does not receive a W2 and does not receive a 1099. The only income he receives from Storymakers is in the form of his ownership distributions. He has the power to hire and fire additional workers, and any additional workers would report directly to him. The buck stops with him. When Plaintiff and Doug Pearson averred that Doug Pearson was the only employee, they should have clarified that there were no other non-owner employees working at Storymakers who participate in the Plan. Therefore, the Plan must fall within the exception of 29 C.F.R. § 2501.3–3 and is not covered by ERISA.

**3. Exception to ERISA: Plans Which Cover Only Working Owners are not ERISA Plans.**

Courts agree that if a benefit plan covers only working owners, it is not covered by ERISA. See, e.g., Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102, 1105 (C.A.11 1999) (sole shareholder is not a participant where disability plan covered only him); In re Watson, 161 F.3d 593, 597 (C.A.9 1998) (sole shareholder is not a participant where retirement plan covered only him); SEC v. Johnston, 143 F.3d 260, 262–263 (C.A.6 1998) (owner is not a participant where pension plan covered only owner and "perhaps" his wife); Schwartz v. Gordon, 761 F.2d 864, 867 (C.A.2 1985) (self-employed individual is not a participant where he is the only contributor to a Keogh plan).

A plan covering working-owner employers or shareholders *as well as employees* is governed by ERISA. Yates, 124 S.Ct. at 1341–42. [Emphasis added].  Again, in this case, the Plan covers only the working-owner, Doug Pearson, and does *not cover any other employees*. Thus, the Plan should fall outside of the coverage of ERISA.

### a.  A "Working-Owner" Is Not Necessarily An "Employee" under ERISA

Department of Labor regulations specify that any plan under which no employees are covered is not an ERISA plan, 29 C.F.R. § 2510.3–3(b).  ERISA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6).   ERISA defines "employer" as any "person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity."   29 U.S.C. § 1002(6).  Here, Doug Pearson is not an employee but is rather a working-owner.

### i.  Doug Pearson's Relationship with Storymakers was Not One of Employee.

In the case of Nationwide Mutual Insurance Company v. Darden, 503 U.S. 318, 323 & n. 3, 112 S.Ct. 1344, 117 L.E.2d 581 (1992), the Supreme Court expanded on the statute's circular definition of "employee" by incorporating common law agency criteria. Darden was an insurance agent who exclusively sold Nationwide insurance policies and who later brought an action to recover benefits under ERISA.

Nationwide filed a motion to dismiss alleging that Darden was not an employee of Nationwide and instead that he was an independent contractor.  The district court determined that Darden's ERISA could succeed only if he was Nationwide's "employee." The court then applied common-law agency principles and, to an extent unspecified, the Supreme Court's decision in *United States v. Silk,* 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947), and found that " 'the total factual context' of Mr. Darden's relationship with Nationwide show[ed] that he was an independent contractor and not an employee.' " Darden, at 321.

The United States Court of Appeals for the Fourth Circuit vacated. <u>Darden v. Nationwide</u>
<u>Mutual Ins. Co</u>., 796 F.2d 701 (1986). After observing that "Darden most probably would not
qualify as an employee" under traditional principles of agency law, <u>Id.</u>, at 705, it found the
traditional definition inconsistent with the " 'declared policy and purposes' " of ERISA, <u>Id.</u>, at 706,
quoting <u>Silk</u>, supra, 331 U.S., at 713,  and <u>NLRB v. Hearst Publications, Inc.</u>, 322 U.S. 111,
131–132, 64 S.Ct. 851, 861–862, 88 L.Ed. 1170 (1944), and specifically with the congressional
statement of purpose found in § 2 of the Act, 29 U.S.C. § 1001.

The Fourth Circuit held that an ERISA plaintiff could qualify as an "employee" simply by
showing "(1) that he had a reasonable expectation that he would receive [pension] benefits, (2)
that he relied on this expectation, and (3) that he lacked the economic bargaining power to
contract out of [benefit plan] forfeiture provisions." <u>Darden</u>, at 322 citing 922 F.2d 203, 205 (CA4
1991) (summarizing 796 F.2d 701). The Fourth Circuit then remanded the case to the District
Court, which then found that Darden had been Nationwide's "employee" under the standard set
by the Court of Appeals. 717 F.Supp. 388 (EDNC 1989).

The Supreme Court reversed the Fourth Circuit, however, and remanded the case to the
District Court for further proceedings to determine if Darden qualified as an "employee" under
traditional agency law principles. <u>Darden</u>, 503 US at 328.  The Court held that the term
"employee" as used in ERISA incorporates traditional agency law criteria for identifying master-
servant relationships. <u>Id.</u> at 318-319. The Court stated that "where a statute containing that term
does not helpfully define it, this Court presumes that Congress means an agency law definition
unless it clearly indicates otherwise."  <u>Id.</u>, referring to, *e.g., <u>Community for Creative Non–</u>*
*<u>Violence v. Reid,</u>* 490 U.S. 730, 739–740, 109 S.Ct. 2166, 2172–2173, 104 L.Ed.2d 811., and
held:

> ERISA's nominal definition of "employee" is completely circular
> and explains nothing, and the Act contains no other provision that
> either gives specific guidance on the term's meaning or suggests
> that construing it to incorporate traditional agency law principles
> would thwart the congressional design or lead to absurd results.

> Since the multifactor common-law test here adopted, see, *e.g.,*
> *Reid,* at 751–752, 109 S.Ct., at 2178–2179, contains no shorthand
> formula for determining who is an "employee," all of the incidents
> of the employment relationship must be assessed and weighed
> with no one factor being decisive. [Citations omitted.]

Darden, at 318-319.

In defining "employee" under the general common law of agency, the Darden court laid out

several factors:

> "First, one must consider the hiring party's right to control the
> manner and means by which the [work] is accomplished. . . .
> Among the other factors relevant to this inquiry are the skill
> required; the source of the instrumentalities and tools; the location
> of the work; the duration of the relationship between the parties;
> whether the hiring party has the right to assign additional projects
> to the hired party; the extent of the hired party's discretion over
> when and how long to work; the method of payment; the hired
> party's role in hiring and paying assistants; whether the work is
> part of the regular business of the hiring party; whether the hiring
> party is in business; the provision of employee benefits; and the
> tax treatment of the hired party. See Restatement § 220(2)
> (setting forth a nonexhaustive list of factors relevant to
> determining whether a hired party is an employee). No one of
> these factors is determinative. . . ."

Darden at 322–323, 112 S.Ct. 1344, citing Community for Creative Non-Violence v. Reid, 490

US 730, 109 S.Ct. 2166 (1989). Using the Darden factors, Doug Pearson was the master and

not the servant, the owner and not the employee.

### ii. The Facts of the Case must be Analyzed Under the Common Law Definition of "Employee."

The Supreme Court later held that under ERISA, a working owner may wear two hats,

i.e., he can be an employee entitled to participate in a plan and, at the same time, the employer

who established the plan. Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541

U.S. 1, 124 S.Ct. 1330, U.S., 2004.

Dr. Raymond B. Yates was the sole shareholder and president of Raymond B. Yates,

M.D., P.C., a professional corporation. 287 F.3d 521, 524 (C.A.6 2002). The corporation

maintained the Raymond B. Yates, M.D., P.C. Profit Sharing Plan for which Yates was the

administrator and trustee.  From the Profit Sharing Plan's inception, at least one person other than Yates or his wife was a participant. In fact, there were at least four other participants.  Id.

The Supreme Court clarified that a sole shareholder and president of professional corporation, in his capacity as working owner, could qualify as "participant" in ERISA pension plan sponsored by his corporation, ***as long as plan covered one or more employees other than himself and his wife.***  Yates, at 19 [Emphasis added]; abrogating Agrawal v. Paul Revere Life Ins. Co., 205 F.3d 297; Fugarino v. Hartford Life and Accident Ins. Co., 969 F.2d 178; Kwatcher v. Massachusetts Serv. Employees Pension Fund, 879 F.2d 957; Giardono v. Jones, 867 F.2d 409; and Peckham v. Board of Trustees of Int'l Brotherhood of Painters and Allied Trades Union, 653 F.2d 424.

Justice Thomas, concurring in the opinion in Yates, *supra*, stated, "... the text of the Employee Retirement Income Security Act of 1974 (ERISA), is certainly consistent with the Court's interpretation of the word "employee" to include so-called "working owners." However, Justice Thomas noted that the various Title I exemptions relied upon heavily by the Court, which were equally consistent with an interpretation of "employee," would not include all "working owners." Yates, at 25-26.

Justice Thomas felt that clarification was needed in order to determine who was in the class of "working owners" because Congress did not mean for all working owners to categorically fall under ERISA's definition of employee. Id. Instead, he felt that the Court should determine whether a working owner fit into the common law definition of an employee.  Id.

In concluding his concurring opinion, Justice Thomas wrote, "Since the text is inconclusive, we must turn to the common-law understanding of the term 'employee.' " He then cited the case of *Darden, supra,* at 322–323, 112 S.Ct. 1344, and said, "On remand, then, I would direct the Court of Appeals to address whether the common-law understanding of the term 'employee,' as used in ERISA, includes Dr. Yates. I would be surprised if it did not. . . ." Id.

**4.      Exception to ERISA:  Plans Whose Sole Beneficiaries are Company Owners are Not ERISA Plans.**

The Department of Labor's 1999 advisory opinion clarified regulation <u>29 C.F.R. 2510.3–3</u>, stating that an employee benefit plan as defined in section 3(3) of Title I does "not include a plan the only participants of which are [a]n individual and his or her spouse ... with respect to a trade of business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse or [a] partner in a partnership and his or her spouse."  The regulation further specifies that a plan that covers as participants "one or more common law employees, *in addition to* the self-employed individuals" will be included in the definition of an "employee benefit plan" under section 3(3).  Advisory Opinion 99–04A, at 561, n. 7 (Emphasis added).  In the present case, only Doug Pearson, an owner, is covered by the Plan.  No other "common law employees" are covered under the Plan.

The Sixth Circuit has clarified that "a plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA." <u>Fugarino</u>, 969 F.2d at 185; see <u>Agrawal</u>, 205 F.3d at 302.  Both <u>Fugarino</u> and <u>Agrawal</u>, however, were abrogated by the Supreme Court's holding in <u>Yates,</u> 541 U.S. 1.

**5.  The Rationale for the Court's Holdings in the Santino Case and Melliush Case Cannot be Reconciled with the Present Case.**

 In the case of <u>Santino v. Provident Life and Acc. Ins. Co.</u>, 276 F3d 772 (2001), the Sixth Circuit held <u>Section 2510.3-3(c)(1)</u> did not exclude joint shareholders from the ERISA definition of "employee."   The Court held that on its face the regulation applies only to "an individual" who "wholly own[s]" a business. <u>Santino</u> at 775.  The Court in <u>Santino</u> relied heavily on a Department of Labor opinion letter which stated that the regulation applied, "*only* where the stock of the corporation is wholly owned by one shareholder." Op. Dep't of Labor 76-67 (May 21, 1976) (Emphasis added).

Dr. Santino was physician employed by a medical clinic that was organized as a corporation.  He was one of three shareholders.  Dr. Santino drew a salary for the services he

performed, and he listed the clinic as his employer on his applications for disability insurance policies. Also, there were other non-owner employees who participated in the disability insurance plan.

The facts in <u>Santino</u> are very different from the facts of this case.  Doug Pearson is one of two shareholders of Storymakers—himself and Andre-Pearson Holdings. Doug Pearson then owns half of Andre Pearson Holdings with the Plaintiff.  He draws no salary, and he is personally listed as the owner of Storymakers on the applications for insurance with Defendant. Last, there were no other employees who participated in the Plan.

This Court also cited the case of <u>Melluish v. Provident Life and Accident Ins. Co</u>., No. 4:99–cv–144, 2001 WL 311243, at * 3–* 4 (W.D.Mich. Feb.26, 2001) (Quist J.) in support of its previous finding that the Storymakers Plan was covered by ERISA.  Dr. Melluish was one of three shareholders of Melluish, M.D., who all participated in the Plan.  More importantly, there were additional non-owner employees who also participated in the Melliush Plan.  Again, the facts in the present case differ significantly from the facts in Melliush.

**6.  The Dept. of Labor Advisory Op. Letter dated Feb. 4, 1999 Clarifies that a Plan Must Cover One or More Common Law Employees in Addition to Self-Employed Owners to be an ERISA Plan.**

Footnote 7 of the U.S. Dep't of Labor Advisory Op. Letter, Feb. 4, 1999, clarifies that the Department explains that the term "employee benefit plan" as defined in section 3(3) of Title I does "not include a plan the only participants of which are  [a]n individual and his or her spouse . . . with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse or by [a] partner in a partnership and his or her spouse."  The Department further clarifies that the regulation provides that a plan that covers as participants "one or more common law employees" in addition to the "self-employed individuals" will be included in the definition of employee benefit plan under section 3(3). ..."

In the present case, Doug Pearson, is not by definition a common law employee. Furthermore, Plaintiff and Doug Pearson are the sole beneficiaries of the Plan:  there are no "non-owner" employee participants covered.

**E.      Conclusion**

Pursuant to <u>29 C.F.R. § 2510.3–3(b)</u>, plans without employees are exempt from ERISA. Doug Pearson is not an employee according to the common law definition of employee.  Thus, the Plan has no employees.  Next, the only participant in the Plan is the majority owner of Storymakers. No other non-owner employees participate in the Plan. Therefore, and for all the reasons stated in the aforementioned brief, the Plan is exempt from ERISA.  This Court lacks subject matter jurisdiction, and pursuant to Fed.R. Civ. Pro. 12(h)(3), must remand the case to the State court for further proceedings.

<br>

Respectfully submitted,

Dated: <u>October 8, 2013</u>            Bolhouse, Baar & Lefere, P.C.

By<u>: /s/ Michelle M. McLean</u> _____
Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Plaintiff Anne Florence Andre-Pearson

11