UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANNE FLORENCE ANDRE-PEARSON,

        Hon. Paul Maloney
   Plaintiff,        Case No. 1:12-cv-01223

vs.

GRAND VALLEY HEALTH PLAN, INC.
a Michigan Corporation

   Defendant.

---

| | |
|---|---|
| MICHELLE M. MCLEAN (P71393) | MICHAEL A. ALAIMO (P29610) |
| JOEL W. BAAR (P56796) | BRIAN M. SCHWARTZ (P69018) |
| MICHAEL J. DISTEL (P43814) | MILLER CANFIELD PADDOCK & STONE PLC |
| BOLHOUSE, BAAR & LEFERE, P.C. | Attorneys for Defendant |
| Attorney for Plaintiff | 150 West Jefferson, Suite 2500 |
| Grandville State Bank Building | Detroit, Michigan 48226 |
| 3996 Chicago Drive, SW | (313)963-6420 |
| Grandville, MI 49418 | alaimo@millercanfield.com |
| michellem@bolhouselaw.com | schwartzb@millercanfield.com |
| joelb@bolhouselaw.com | |
| michaelj@bolhouselaw.com | |

**DEFENDANT'S BRIEF IN RESPONSE TO
PLAINTIFF'S SECOND RENEWED
<u>MOTION TO REMAND CASE TO STATE COURT</u>**

INDEX OF AUTHORITIES ................................................................................................................ ii
I.      INTRODUCTION ................................................................................................................. 1
II.     RELEVANT ALLEGATIONS IN AMENDED COMPLAINT ....................................... 1
III.    PROCEDURAL HISTORY .................................................................................................. 3
IV.     ARGUMENT .......................................................................................................................... 5
        A.      Plaintiff's Admits that She is Seeking Benefits from an ERISA-Covered
                Plan ................................................................................................................................ 5
        B.      The Court Has Already Rejected Plaintiff's Arguments Regarding the
                Applicability of 29 C.F.R. §2510.3–3 ....................................................................... 5
        C.      Section 2510.3-3 is Inapplicable Because the Plan is Part of a MEWA ................ 8
V.      CONCLUSION ..................................................................................................................... 10

# **INDEX OF AUTHORITIES**

**Page(s)**

**CASES**

*Arndt v. Concert Health Plan Ins. Co.*, 2010 WL 151996 (M.D. Fla. 2010) ...............................10

*Giordano v. Jones*, 867 F.2d 409 (7th Cir. 1989)...........................................................................7

*Harman ex rel. Seybold v. United Healthcare of Florida*,
    207 F.Supp.2d 1355 (M.D. Fla. 2002)..................................................................................8

*Hills and Dales Gen. Hosp. v. Pantig*, 295 Mich.App. 14,
    812 N.W.2d 793 (Mich. Ct. App. 2001) ...............................................................................7

*In re Watson*, 161 F.3d 593 (9th Cir. 1998)....................................................................................7

*Melluish v. Provident Life & Accident Ins. Co.*, 2001 WL 311243
    (W.D. Mich. Feb. 26, 2011)..................................................................................................6

*Narda v. Rhode Island Hosp. Trust Nat'l Bank*, 744 F. Supp. 685 (D. Md. 1990) .......................10

*Peckham v. Board of Trustees*, 653 F.2d 424 (10th Cir. 1981) .......................................................7

*Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634 (5th Cir. 2004) ....................................8

*Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004) ............5, 6, 7, 8

*Santino v. Provident Live and Accident Ins. Co*., 276 F.3d 772 (6th Cir.2001) .........................5, 6

*Schwartz v. Gordon*, 761 F.2d 864 (2d Cir. 1985).........................................................................7

*SEC v. Johnston*, 143 F.3d 260 (6th Cir. 1998) ..............................................................................7

*Sipma v. Mass. Cas. Ins. Co.*, 256 F.3d 1006 (10th Cir. 2001) ......................................................8

*Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102 (11th Cir. 1999) ...........................................7

*Static Control Components v. Lexmark Intern.*, 697 F.3d 387 (6th Cir. 2012) ..............................5

*Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd. of Public Instruction*,
    804 F.2d 1059 (8th Cir. 1986) ..............................................................................................9

**STATUTES**

29 U.S.C. §1002(1) ........................................................................................................................9

29 U.S.C. §1002(3) ........................................................................................................................5

29 U.S.C. §1002(5) ................................................................................................................................9

29 U.S.C. §1002(40)(A) .....................................................................................................................8, 9

29 U.S.C. §1132(a)(1)(B) ......................................................................................................................4

29 U.S.C. §1132(e) ................................................................................................................................1

29 U.S.C. §1132(f) .................................................................................................................................1

29 U.S.C. §1144(b)(6) .........................................................................................................................10

29 U.S.C. §1191a ...............................................................................................................................3, 4

**REGULATIONS**

29 C.F.R. §2510.3-3 ........................................................................................1, 3, 4, 5, 6, 7, 8, 9, 10

## I.     Introduction

Plaintiff filed her Complaint in state court asserting state law claims for breach of contract and exemplary damages. After Grand Valley Health Plan ("GVHP") timely removed the Complaint, this Court dismissed the claims as completely preempted by ERISA. (Dkt#24, Opinion and Order.) On September 25, 2013, Plaintiff filed a Motion to Amend, (Dkt#25), which was subsequently granted by Magistrate Judge Scoville, (Dkt#40), and filed, (Dkt#41). Plaintiff's Amended Complaint asserts claims under ERISA. Despite this, on October 8, 2013, Plaintiff filed the instant motion to remand. (Dkt#33). Plaintiff's motion, which only raises arguments under 29 C.F.R. §2510.3-3, presents the same issues already decided by this Court. (Dkt#24 at 9-11 (concluding that this regulation does not apply).)  Accordingly, GVHP requests that the Court deny Plaintiff's second motion to remand, strike Plaintiff's state law claims and award GVHP its reasonable attorney fees incurred in responding to this motion.

## II.    Relevant Allegations in Amended Complaint

Plaintiff's Amended Complaint asserts that "[t]his Court has jurisdiction pursuant to the relevant sections of [ERISA], 29 USC 1132(e), 1132(f) and 1191."  (Dkt#41, ¶3.)  She further alleges that GVHP "was obligated to provide and arrange for covered health care services … for the benefit of Plaintiff pursuant to the terms and conditions of the Agreement … and pursuant to the Certificate."[1]  (*Id.*, ¶20.)

Storymakers LLC was only able to enter into the Agreement because of its membership in the Rockford Chamber of Commerce ("Chamber"). (Dkt#13-1, Dunwoody Dec, ¶4). Effective July 1, 2010, the Chamber and GVHP entered into an Association Marketing Agreement

---

[1] The "Agreement" (also identified by Plaintiff as the "Plan") refers to a Group Letter of Agreement between Storymakers LLC and GVHP, (*id.*, Ex A), which obligates GVHP to provide health care services pursuant to the Certificate, *i.e.,* the 2011 Group Subscriber Certificate of Coverage, (*id.*, Ex B.)

("AMA"), whereby the Chamber became the "Association Plan Sponsor." (*Id.*, Ex A, 2010 AMA at 1 [PageID#203].) A similar AMA was signed in 2011. (*Id.*, Ex B, 2011 AMA [PageID#214]). The AMA provides "Adopting Employers and/or Association Members with the right to receive a group specific premium rate discounted by 2%." (*Id.*, Ex A, 2010 AMA at 1 [PageID#203].) The AMA states that "Sole proprietors and groups of one are not eligible." (*Id.*, Ex A, Attachment A, ¶2 [PageID#207]; *Id.*, Ex B, Attachment A, ¶2 [PageID#218].) From July 1, 2010 to the present, there were 18 Adopting Employers, with a total of 24 subscribing participant-employees and 37 members. (*Id.*, ¶3 [PageID#201])

Pursuant to the AMA, Storymakers LLC signed "Attachment D: Adoption Agreement." (*See, e.g., id.*, Ex C, 2010 Adoption Agmt [PageID#202]). The Adoption Agreement states that Storymakers LLC is a "Responsible Party" and agrees to "join[] in the Agreement." (*Id.*) By agreeing to adopt the broader health plan that includes the participant-employees of all other Adopting Employers, Storymakers LLC received discounted health insurance.

Doug Pearson's (Plaintiff's husband) affidavit states, "I am the owner of Storymakers LLC and also have been the sole employee." (Dkt#8-2, Doug Pearson Aff, ¶4 [PageID#153].) According to Mr. Pearson, Storymakers LLC purchased the insurance at issue in this lawsuit and "[a]t all relevant times, Storymakers LLC paid the monthly premiums for health insurance coverage to [GHVP]." (*Id.*, ¶¶ 5,6 [PageID#154].) Storymakers LLC is not a sole proprietorship and is not an unincorporated association owned by a single person (or a single person and his spouse). Instead, it is a LLC organized under Michigan law. Doug Pearson owns 10% of Storymakers LLC and the remaining 90% is held by a separate limited liability company, Andre-Pearson Holdings LLC (90%). (*Id.*, ¶10.)

According to Plaintiff, she received medical services consisting of surgeries, physician consultations, injections, examinations, emergency services, hospital admissions and other

treatment. (Dkt#41, Am Compl, ¶¶23-46.) She further alleges that GVHP denied coverage for certain treatment and "has wrongfully denied Plaintiff benefits in contravention of the Plan *and of Plaintiff's rights under ERISA*." (*Id.*, ¶¶47-49 (emphasis added).)

### III. Procedural History

On or about October 5, 2012, Plaintiff filed a Complaint in state court asserting claims for breach of contract and exemplary damages. After timely removing the lawsuit to this Court, GHVP filed its motion to dismiss, asserting that ERISA preempted both of Plaintiff's state law claims. (Dkt##6, 7.) That same day, Plaintiff filed a motion to remand. (Dkt#8). Plaintiff based her motion on her belief that the Plan was exempt from ERISA pursuant to 29 U.S.C. §1191a and 29 C.F.R. §2510.3-3. (*Id.*, ¶¶11-12).

On August 26, 2013, the Court held a hearing on the parties' respective motions. (Dkt#23.) The Court granted GVHP's motion and denied Plaintiff's motion, concluding that the Plan at issue was governed by ERISA and that Plaintiff's state law claims were completely preempted. (Dkt#24.) The Court's opinion specifically rejected Plaintiff's arguments that her claims were exempt from ERISA pursuant to 29 C.F.R. §2510.3-3:[2]

> Plaintiff argues that her insurance policy falls under 29 C.F.R. §2501.3–3, which limits the application of ERISA when there are no employee participants covered by a plan. Defendant argues that the regulation does not apply because Doug Pearson is an employee participant.
>
> ERISA authorizes the Secretary of Labor to prescribe any necessary and appropriate regulations. 29 U.S.C. § 1135. The Secretary of Labor has enacted a regulation to "clarif[y] the definition in section 3(3) of the term 'employee benefit plan' for purposes of title I of the Act and this chapter." 29 C.F.R. § 2501.3–3(a). Under the regulation, an employee benefit plan does not include any plan "under which no employees are participants covered under the plan." *Id*. § 2501.3–3(b). ERISA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). The regulation limits the scope of the term "employee."
>
> [quotation of 29 C.F.R. §2501.3–3(c)(1) omitted here, but appears below]

---

[2] The opinion mistakenly cites the regulation as 29 C.F.R. §25<u>01</u>.3-3.

-3-

>	The regulation, §2501.3–3, does not exempt Plaintiff's insurance plan from ERISA. Storymakers has a single employee, Doug Pearson. (Pearson Aff. ¶¶ 4 and 7.) **His status as a shareholder does not, standing alone, make the him an employer under ERISA**. *Santino v. Provident Live and Accident Ins. Co*., 276 F.3d 772, 775 (6th Cir.2001) (citations omitted). And, the regulation does not exclude joint shareholders from the ERISA definition of employee. *Id*. The Department of Labor interprets the regulation as applying "*only* where the stock of the corporation is wholly owned by one shareholder." *Id*. (quoting Op. Dep't of Labor 76–67 (May 21, 1976)) (emphasis added in *Santino* ). Storymakers is not wholly owned by Doug, or the combination of Doug and Plaintiff. Storymakers is owned by Doug Pearson and by Andre–Pearson Holdings. (Pearson Aff. ¶10 PgID 154.)
>
>	Plaintiff insists that the regulation applies because she and Doug Pearson own Andre–Pearson Holdings, the other owner of Storymakers. But Andre–Pearson Holdings did not establish, maintain, or purchase Plaintiff's medical insurance. Plaintiff candidly admits that she could not find any legal authority addressing this factual situation, and neither could the Court. Presumably, Doug Pearson enjoys some benefit from organizing the ownership of Storymakers in this manner, rather than owning it as the sole shareholder. Under Michigan law a corporation is a person, separate and distinct from its owners, even when a single shareholder owns the corporation. *Hills and Dales Gen. Hosp. v. Pantig*, 295 Mich.App. 14, 20, 812 N.W.2d 793, 797 (Mich. Ct. App. 2001). Also, "Michigan law presumes that parent and subsidiary corporations constitute separate legal entities." *Id*. at 797. The legal rules regarding corporate forms apply to limited liability companies. *Id*. at 797. **However, by having Andre–Pearson Holdings, a separate legal entity, own ninety percent of Storymakers, Plaintiff cannot take advantage of the regulation that exempts sole proprietorships from ERISA**.

(Dkt#24, Opinion and Order at 9-11 (bolded emphasis added, footnotes omitted).)

On September 25, Plaintiff filed a Motion to Amend, seeking to add, among other things, a claim pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).[3] (Dkt#25.) On October 8, Plaintiff filed the instant motion to remand. (Dkt#33.) Unlike Plaintiff's original remand motion, the instant motion focuses solely on the applicability of 29 C.F.R. §2510.3–3.[4]

---

[3] Magistrate Judge Scoville granted Plaintiff's Motion, (Dkt#40), and Plaintiff filed her Amended Complaint. (Dkt#41). Pursuant to the Order, GVHP is not required to respond to the Amended Complaint until 14 days after a ruling on Plaintiff's second remand motion. (Dkt#40.)

[4] In other words, Plaintiff no longer argues that (a) 29 U.S.C. §1191a applies; (b) the insurance plan does not constitute an employee welfare benefit plan under the Sixth Circuit's three step

-4-

### IV. Argument

**A. Plaintiff's Admits that She is Seeking Benefits from an ERISA-Covered Plan**

Despite Plaintiff's claims that ERISA does not apply, her Amended Complaint asserts that (a) jurisdiction exists under ERISA (Dkt#41, ¶3); (b) GVHP has violated Plaintiff's rights under ERISA (*id.*, ¶49); (c) that Plaintiff is a participant under ERISA (*id.*, ¶101); and (d) because Plaintiff is a participant under ERISA, she is entitled to sue, (*Id.*, ¶102.) Thus, because Plaintiff concedes ERISA applies, this ends the inquiry.

**B. The Court Has Already Rejected Plaintiff's Arguments Regarding the Applicability of 29 C.F.R. §2510.3–3**

Plaintiff's continued reliance on the "safe harbor" in 29 C.F.R. §2510.3-3 is misplaced. This regulation purports to "clarify" the unambiguous definition of "employee benefit plan" in 29 U.S.C. §1002(3). It provides a very limited exemption from ERISA and states, in part:

> (c) Employees. For purposes of this section:
> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which **is wholly owned by the individual** or by the individual and his or her spouse….

29 C.F.R. §2510.3-3 (emphasis added). "On its face, the regulation applies only to 'an individual' [or an individual and spouse] who wholly own[s]' a business." *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 775 (6th Cir. 2001).

Plaintiff's contention that *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004) ("*Yates*") somehow alters this Court's ruling that §2510.3-3 does not apply

---

analysis; and (c) an insurance plan whose sole beneficiary is its owner does not fall under ERISA. Because the Court has already dismissed those arguments, they are not addressed here. *Static Control Components v. Lexmark Intern.*, 697 F.3d 387, 400 (6th Cir. 2012) ("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")

ignores applicable facts.[5] In *Yates*, the Court considered whether a sole shareholder of a corporation qualified as a participant in an ERISA-covered pension plan. *Id.* at 6. Ultimately, the Court concluded that if the plan covers more than one employee other than the business owner, then the working owner qualifies for ERISA protections. *Id.* In reaching its conclusion, the Court noted that, "[u]nder ERISA, a working owner may have dual status, *i.e.*, he can be an employee entitled to participate in a plan and, at the same time, the employer (or owner or member of the employer) who established the plan." *Id.* at 16. It described the narrow exception for working owners: "Plans that cover only sole owners or partners and their spouses, the regulation, fall outside Title I's domain." *Id.* Notably, *Yates* <u>did not</u> address the situation present here, where there are "two shareholders of Storymakers." (Dkt#33, Pl Br at 10.)

*Santino* explained that §2510.3-3(c)(1) "does not exclude joint shareholders from the ERISA definition of employee." 276 F.3d at 775. Instead, the Sixth Circuit ruled:

> On its face, the regulation applies only to "an individual" who "wholly own[s]" a business. Moreover, the Department of Labor interprets section 2510.3-3(c)(1) as applying "*only* where the stock of the corporation is wholly owned by one shareholder." Op. Dep't of Labor 76-67 (May 21, 1976) (emphasis added).

*Id.* (emphasis added by *Santino*). Judge Quist reached the same result in *Melluish v. Provident Life & Accident Ins. Co.*, 2001 WL 311243, *4 (W.D. Mich. Feb. 26, 2011).[6]

Here, as this Court and the Sixth Circuit have previously concluded, §2510.3-3 applies only when a single shareholder ones the stock of a corporation. (Dkt#24 at 10); *Santino*, 276 F.3d at 775. Nothing has changed since the Court's prior ruling: "Storymakers is not wholly owned by Doug, or the combination of Doug and Plaintiff. Storymakers is owned by Doug

---

[5] Plaintiff does not explain why she failed to cite *Yates* in support of her first remand motion.

[6] Plaintiff's reliance on a footnote in the Department of Labor's 1999 advisory opinion is misplaced. There, footnote 7 merely reiterated that §2510.3-3 only operates to exclude from the definition of employee benefit plans those plans that are "wholly owned" by an individual and his or her spouse. (Op. Dep't of Labor 99-04A, n.7 (Feb. 4, 1999).

Pearson and by Andre–Pearson Holdings." (Dkt#24 at 10.) Therefore, Plaintiff's cited cases – which address entities owed by a single person such as sole proprietorships – are inapplicable and distinguishable.[7] None of those cases addressed the situation present here. Additionally, because *Yates* did not address the applicability of §2510.3-3 when a limited liability company is not wholly owned by an individual, but rather by one individual and a separate LLC, this Court's prior ruling that the regulation does not apply remains legally sound.

As the Court previously recognized, corporations such as Storymakers LLC are distinct legal entities under Michigan law. (Dkt#24 at 10-11 (citing *Hills & Dales General Hosp. v. Pantig*, 295 Mich.App. 14, 20-21 (2011).) Additionally, "[t]he rules respecting the corporate form apply equally to limited liability corporations." *Pantig*, 295 Mich.App. at 21. Storymakers LLC benefits from its corporation structure. If an individual attempted to hold either Doug Pearson or Andre-Pearson Holdings LLC liable for the wrongs committed by Storymakers LLC, then Doug Pearson and Andre-Pearson Holdings LLC would receive the legal protections of being owners of a LLC. Additionally, the LLC structure presumably provides some tax benefits to Storymakers' shareholders. Because Plaintiff presents no authority for selectively (and defensively) piercing the corporate veil for her benefit only, the Court should adhere to its prior ruling that Plaintiff cannot avail herself of 29 C.F.R. §2510.3-3's limited safe harbor.

Finally, Plaintiff's assertion that Doug Pearson is not an employee, but rather the owner, is off-the-mark and conflicts with sworn statements submitted by her husband. Initially, Plaintiff

---

[7] *See Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1105 (11th Cir. 1999) (sole shareholder); *In re Watson*, 161 F.3d 593, 597 (9th Cir. 1998) (sole shareholder); *SEC v. Johnston*, 143 F.3d 260, 262-63 (6th Cir. 1998) (sole shareholder); *Schwartz v. Gordon*, 761 F.2d 864, 867 (2d Cir. 1985) (self-employed); *Peckham v. Board of Trustees*, 653 F.2d 424 (10th Cir. 1981) (concluding that two separate sole proprietors were not eligible for inclusion as dual status employees); *Giordano v. Jones*, 867 F.2d 409, 410 (7th Cir. 1989) (sole proprietor). Each of these cases were either abrogated or distinguished by *Yates*. *Peckham* is also inapplicable because the applicable plan expressly excluded self-employed individuals. 653 F.2d at 426-27.

does not provide any evidence to support the assertions in her brief regarding Doug Pearson's role with Storymakers. Instead, the only evidence in the record is his affidavit stating that he is "the sole employee" of Storymakers. (Dkt#8-2, ¶4.) And, despite Plaintiff's protestations to the contrary, "[t]here is nothing illogical in concluding that [Doug Pearson] can be both a shareholder and an employee of the corporation. *Sipma v. Mass. Cas. Ins. Co.*, 256 F.3d 1006, 1011 (10th Cir. 2001);[8] *Yates,* 541 U.S. at 16. Moreover, "[a]n individual who owns shares of a company but does not 'wholly own' the company is an 'employee' for ERISA purposes." *Harman ex rel. Seybold v. United Healthcare of Florida*, 207 F.Supp.2d 1355, 1357 (M.D. Fla. 2002) (citing *Santino*, 2 76 F.3d at 775 and *Sipma*, 256 F.3d at 1010-11). *See also Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634, 639 (5th Cir. 2004); *Sipma*, 256 F.3d at 1010 ("Because a corporation enters into contracts in a capacity separate and distinct from its shareholders, the corporation, not the shareholder, is the employing party in an employment relationship.")[9]

## C. Section 2510.3-3 is Inapplicable Because the Plan is Part of a MEWA

The Court's August 28, 2013 Opinion and Order did not address GVHP's alternative argument that §2510.3-3 does not apply because the Plan is part of a "multiple employer welfare arrangement" (or "MEWA"). 29 U.S.C. §1002(40)(A). Under ERISA,

> The term 'multiple employer welfare arrangement' means an employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purpose of offering or providing

---

[8] *Sipma* further noted that "it is not uncommon for employees to hold or be paid in the stock of the corporation that employ them." *Id.* at 1011.

[9] Alternatively, if the Court determines that safe harbor applies, then GVHP requests leave to conduct limited discovery into (a) Doug Pearson's role as an employee of Storymakers LLC; (b) whether there are individuals performing work for Storymakers LLC who are improperly classified as something other than "employees" (*i.e.*, wrongly classified independent contractors who fall within the common law definition of "employee"); and (c) the ownership and organizational structure of Storymakers LLC and Andre-Pearson Holdings LLC.

any benefit described in paragraph (1)[10] to the employees of two or more employers (including one or more self-employed individuals), or to their beneficiaries….

29 U.S.C. §1002(40)(A). If a MEWA is an ERISA-covered plan, then it is subject to ERISA's provisions governing employee benefit plans. An "employee welfare benefit plan" includes any plan "established or maintained by an employer." 29 U.S.C. §1002(1). ERISA defines "employer" to include "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and *includes a group or association of employers acting for an employer in such capacity*." 29 U.S.C. §1002(5) (emphasis added). Here, the "contract" Plaintiff alleges was breached is part of a larger MEWA that includes of 24 subscribing participant-employees employed by 18 separate employers.[11] (*See* Dkt#13-1, Dunwoody Dec, ¶3). The relevant "group or association of employers" are not those who are in the Chamber generally. (*See* Dkt#13-1 at PageID#214 (only employers are permitted to adopt the AMA)). Instead, it is those who signed the "Adoption Agreement."[12] Accordingly, the Plan has multiple employees and the safe harbor contained in 29 C.F.R. §2510.3-3 does not apply.[13]

---

[10] Paragraph (1) refers to the definition of an employee welfare benefit plan, which describes a plan as providing for, among other things, "medical, surgical, or hospital care or benefits." 29 U.S.C. §1002(1). This Court has already concluded that "[w]ithout dispute, the Group Letter creates a plan providing for medical, surgical, or hospital care or benefits." (Dkt#24 at 7.)

[11] Notably, the relevant documents here state that "sole proprietor or groups of one are not eligible" and that there must be a "minimum of 2 enrolled subscribers," further supporting the existence of an ERISA plan that provides benefits to the 24 participant-employees. (Dkt#13-1 [Page ID#207]).

[12] These employers are tied together by their common economic interest in "working collectively to build a strong economy and improve the quality of life in [the Rockford] community." (Dkt#14-7 [PageID#266]). It is irrelevant that other entities might be members of the Rockford Chamber of Commerce.

[13] Plaintiff's anticipated reliance on *Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd. of Public Instruction*, 804 F.2d 1059 (8th Cir. 1986) is misplaced. The issue in *Wisconsin Educ.* was whether the plan was maintained by an "employee organization." Here, the issue is whether the Plan was maintained by "employer." 29 U.S.C. §1002(1). ERISA's definition of "employer" "includes a group or association of employers," 29 U.S.C. §1002(5), and there are 18 separate

-9-

It is irrelevant whether the Plan was appropriately registered with the State of Michigan as a MEWA. All this establishes is that the Plan may not be complying with state law, not that it fails to fit within ERISA's definition of a MEWA or is otherwise exempt from ERISA's broad preemption. *See* 29 U.S.C §1144(b)(6)(providing limited exemption for state laws regulating MEWA); *Narda v. Rhode Island Hosp. Trust Nat'l Bank*, 744 F. Supp. 685, 689 (D. Md. 1990) (rejecting argument that administrator can take an action that loses ERISA's protections). Moreover, the existence of MEWA does not determine whether preemption applies. Instead, the question is whether the purchase of insurance constituted the establishment or maintenance of an employee welfare benefit plan. *See Arndt v. Concert Health Plan Ins. Co.*, 2010 WL 151996, *3 (M.D. Fla. 2010). Here, the Court has already ruled that the purchase of insurance established an employee welfare benefit plan under the Sixth Circuit's three-step factual analysis. (Dkt#24 at 11-14.)

In summary, Storymakers was only able to purchase the insurance – at a reduced rate no less – because it was part of the group of 18 participating employers that constitute a MEWA. Thus, §2510.3-3 is inapplicable and ERISA applies.

### V. Conclusion

For the foregoing reasons, GVHP requests that the Court deny Plaintiff's motion, strike Plaintiff's state law claims and award GVHP its reasonable attorney fees incurred in responding to this second remand motion.

Respectfully submitted,
By /s/ Brian M. Schwartz (P69018)
Attorneys for Defendant
Dated: October 22, 2013      schwartzb@millercanfield.com

---

employers who adopted the "Association Plan Sponsor's [*i.e.*, the Rockford Chamber of Commerce's] Health Plan." (Dkt#13 at 2-3).

-10-

## **CERTIFICATE OF SERVICE**

 I hereby certify that on October 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to:

 Michelle Marie McLean michellem@bolhouselaw.com

        /s/Brian M. Schwartz
        Brian M. Schwartz (P69018)
        MILLER, CANFIELD, PADDOCK
        AND STONE, P.L.C.
        Attorneys for
        150 West Jefferson, Suite 2500
        Detroit, MI  48226
        (313) 963-6420
        schwartzb@millercanfield.com

21597501.2\133863-00012