UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANNE FLORENCE ANDRE-PEARSON,

                Plaintiff,

vs.

GRAND VALLEY HEALTH PLAN, INC.
a Michigan Corporation

                Defendant.

Hon. Paul Maloney
Magistrate Judge Joseph G. Scoville
Case No. 1:12-cv-01223

---

| | |
|---|---|
| MICHELLE M. MCLEAN (P71393) | MICHAEL A. ALAIMO (P29610) |
| JOEL W. BAAR (P56796) | BRIAN M. SCHWARTZ (P69018) |
| MICHAEL J. DISTEL (P43814) | MILLER CANFIELD PADDOCK & STONE PLC |
| BOLHOUSE, BAAR & LEFERE, P.C. | Attorneys for Defendant |
| Attorney for Plaintiff | 150 West Jefferson, Suite 2500 |
| Grandville State Bank Building | Detroit, Michigan 48226 |
| 3996 Chicago Drive, SW | (313)963-6420 |
| Grandville, MI 49418 | alaimo@millercanfield.com |
| michellem@bolhouselaw.com | schwartzb@millercanfield.com |
| joelb@bolhouselaw.com | |
| michaelj@bolhouselaw.com | |

---

**BRIEF IN SUPPORT OF DEFENDANT'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S OCTOBER 18, 2013 ORDER GRANTING MOTION
<u>FOR LEAVE TO AMEND COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................. 1

II.     THE ADMINISTRATIVE REVIEW PROCESS............................................ 2

III.    PROCEDURAL HISTORY.............................................................................. 4

IV.    OBJECTIONS AND ARGUMENT ................................................................ 5

       A.      Applicable Standard of Review ................................................... 5

       B.      The Magistrate Judge Erred in Failing to Conclude that Plaintiff's
               Proposed ERISA Claim is Futile to the Extent She Seeks to Recover for
               Benefit Denials that Occurred More than 180 Days Before She Filed Her
               Grievance ............................................................................................ 6

V.      CONCLUSION................................................................................................. 10

# INDEX OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Procter & Gamble Co.*, 220 F.3d 449 (6th Cir. 2000)................................10

*Brumbalough v. Camelot Care Centers*, 427 F.3d 996 (6th Cir. 2005)...........................5

*Foman v. Davis*, 371 U.S. 178 (1962) ...........................................5

*Gallegos v. Mount Sinai Medical Center*, 210 F.3d 803 (7th Cir. 2000)..........................8

*Hahnemann Univ. Hosp. v. All Shore*, 514 F.3d 300 (3d Cir. 2008) ............................10

*Hennigan v. Roofers Local 149 Pension Fund*, 2012 WL 2711396 (E.D. Mich. 2012) ...............7

*Jung v. Association of American Medical Colleges*, 226 F.R.D. 7 (D.D.C. 2005)........................6

*Kahane v. UNUM Life Ins. Co. of America*, 563 F.3d 1210 (11th Cir. 2009) ...............................10

*Laird v. Norton Healthcare*, 442 Fed.Appx. 193 (6th Cir. 2011) ....................................7

*Midgett v. Washington Group Intern. Long Term Disability Plan*,
    561 F.3d 887 (8th Cir. 2009) ...........................................8

*Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979 (6th Cir. 1991)...................................7

*Minor v. Northville Public Schools*, 605 F.Supp. 1185 (E.D. Mich. 1985)...................................6

*Morrison v. Marsh & McLennan Companies,* 439 F.3d 295 (6th Cir. 2006)................................7

*Rego v. Westvaco Corp.*, 319 F.3d 140 (4th Cir. 2003)................................10

*Roback v. UPS Retired Employees' Healthcare Plan*,
    2010 WL 4286180 (E.D. Mich. 2012)...................................7

*Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993)......................6

*Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997)....................................7

*Wilkins v. Baptist Healthcare Systems*, 150 F.3d 609 (6th Cir. 1998)...........................6

STATUTES

28 U.S.C. §636.................................................................5

29 U.S.C. §1132(a)(1)(B) .....................................................6

29 U.S.C. § 1132(g)(1) ...........................................................................................................5, 10

**COURT RULES**

Fed. R. Civ. P. 12(b)(6), (c) ...................................................................................................1, 6

## I.  Introduction

After this Court dismissed Plaintiff Anne Florence Andre-Pearson's claims as completely preempted by the Employee Retirement Income Security Act ("ERISA"), Plaintiff filed a Motion to Amend, seeking to file a complaint asserting a denial of benefits claim pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).  She also sought to add four state law claims, which she has agreed to dismiss if this Court denies her second motion to remand.  (Dkt#25-1, ¶7.)  In response, Defendant Grand Valley Health Plan ("GVHP") argued that Plaintiff's proposed ERISA claim was futile in part because Plaintiff seeks to recover for time-barred claims or, in the alternative, she failed to exhaust her administrative remedies for these claims.  GVHP also argued that Plaintiff's ERISA claim was futile to the extent she seeks to recover attorney fees incurred during the claim and appeal process.

On October 18, 2013, Magistrate Judge Scoville granted Plaintiff's motion to amend. (Dkt#40).  Magistrate Judge Scoville declined to narrow the scope of Plaintiff's ERISA claim, stating that GVHP's objections "are more properly raised by dispositive motion, rather than in opposition to a motion to amend."  (*Id.*)  As shown below, the Magistrate Judge clearly erred because portions of Plaintiff's Amended Complaint would not survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings.  Accordingly, GVHP requests that the Court sustain these objections to the Magistrate Judge's Order and enter an Order stating that (a) Plaintiff's Amended Complaint is limited to those services covered by Plaintiff's second-level appeal, which relates solely to claims incurred for non-emergency, non-preauthorized treatment outside GVHP's service area at St. Mary's Hospital and the Mayo Clinic from 9/14/11 to 9/21/11 and 10/10/11 to 10/17/11 and (b) Plaintiff may not recover for attorney fees incurred during the claim and appeal process.

## II.      The Administrative Review Process[1]

Plaintiff's proposed Amended Complaint alleges that GVHP "was obligated to provide and arrange for covered health care services … for the benefit of Plaintiff pursuant to the terms and conditions of the Agreement … and pursuant to the Certificate." (Dkt#25-1, ¶20.) The "Agreement" (also identified as the "Plan") refers to a Group Letter of Agreement between Storymakers LLC and GVHP, (*id.*, Ex A), which obligates GVHP to provide health care services pursuant to the Certificate, *i.e.,* the 2011 Group Subscriber Certificate of Coverage, (*id.*, Ex B.) According to Plaintiff, she received medical services consisting of surgeries, physician consultations, injections, examinations, emergency services, hospital admissions and other treatment. (*Id.*, ¶23-46.) She further alleges that GVHP denied coverage for certain treatment and "has wrongfully denied Plaintiff benefits in contravention of the Plan and of Plaintiff's rights under ERISA." (*Id.*, ¶¶47-49.)

**Request to Initiate the Grievance Process.**  On October 26, 2011, Plaintiff's counsel "sent a written and formal request to initiate the grievance process." (*Id.*, ¶57.) The letter requested the review of all claims "which have been denied since August 2010 through the present date." (*Id.*, Ex J. *See also id.,* ¶58.) On October 31, 2011, GHVP sent a letter explaining that although Plaintiff's counsel requested to begin the grievance process, she did not submit any written statements or documents to support Plaintiff's position. (*Id.*, Ex K.) GVHP also explained that the request to review claims from August 2010 to the present "is not possible as grievance rights are limited to 180 days from the date of denial notification." (*Id. See also id.*, Ex B, §4.5 "Grievance Procedure" [Page ID#388].) Therefore, GVHP explained that "any claims which you received a denial prior to May 11, 2011 [referred to in this Brief as the "Earlier

---

[1] On October 18, 2013, Plaintiff filed her Amended Complaint.  (Dkt#41.) These objections cite to the proposed Amended Complaint that was before Magistrate Judge Scoville, (Dkt#25-1), which appears to be almost identical to the Amended Complaint filed on October 18.

Claims"] are not eligible for the grievance procress." (*Id.*, Ex K.)[2]

**Request for Formal Grievance.** On November 30, 2011, Plaintiff's counsel sent GVHP a "REQUEST FOR FORMAL GRIEVANCE," which sought review "as to all procedures which have been denied in the last six month period." (*Id.*, Ex L.) In declining to request review of the Earlier Claims, Plaintiff tacitly accepted GVHP's determination that those claims were untimely. GVHP subsequently reviewed the grievance and agreed to provide coverage for some expenses. Specifically, GVHP agreed to pay for the 2011 services incurred at Spectrum Hospital: 2/12 to 3/5; 3/8 to 3/28; 5/29 to 5/31; 6/12 and 9/1 to 9/2 ("Spectrum Claims").[3] (*Id.*, Ex P.) GVHP denied Plaintiff's request to pay for services received outside of GVHP's service area from 9/14/11 to 9/21/11 and 10/10/11 to 10/17/11, when Plaintiff drove to Minnesota to seek care at St. Mary's Hospital and the Mayo Clinic. (*Id.*) GVHP provided a detailed explanation of the reasons for the claim denial, citing specific Plan provisions. (*Id.*)

**Request for Second-Level Review.** On January 10, 2012, Plaintiff's counsel requested a second-level review of the denied claims related to St. Mary's Hospital and the Mayo Clinic. (*Id.*, Ex Q.) Plaintiff did not appeal the denial of the Earlier Claims, *i.e.*, those from August 2010 through May 10, 2011. (*See id.*)

---

[2] Plaintiff refers to the claims between August 2010 and May 10, 2011 as "the Earlier Claims." (Dkt#25-1, ¶60.) GVHP acknowledges that 180 days before October 26, 2011 is April 29, 2011. However, it uses the August 2010 to May 10, 2011 timeframe based on the allegations in Plaintiff's proposed Amended Complaint. (*Id.*, ¶60.) GVHP reserves the right to assert that Plaintiff did not file her grievance until November 30, 2011, (*see id.*, Ex L), which would place the 180 day cutoff at June 3, 2011. *See* note 6, *infra.*

[3] GVHP has not yet paid the Spectrum Claims because Plaintiff's counsel has asserted an attorney's lien on those claims. (*See* Dkt#38, D's Resp to Motion to Amend at 4-5). At the hearing, however, the parties' respective attorneys agreed to work on preparing a stipulated order that would withdraw all attorney liens asserted by Plaintiff's attorneys and facilitate payment of the Spectrum Claims to Spectrum Hospital. Aside from the fact that Plaintiff's state law claims are preempted by ERISA, such a stipulation would also necessarily resolve the breach of settlement agreement (Count III) and promissory estoppel (Count IV) claims in the proposed Amended Complaint.

On January 13, 2012, GVHP advised Plaintiff of her rights at the second-level hearing. (*Id.*, Ex U. *See also id.*, Ex V.) On January 26, 2012, Plaintiff's counsel submitted a three-page letter in support of the second-level appeal. (*Id.*, Ex X .) The letter focused exclusively on the denial of the St. Mary's and Mayo Clinic claims and, as before, declined to address the denial of the Earlier Claims. (*Id.*) That same day, Plaintiff's counsel appeared at the second-level review hearing. (*Id.*, ¶77.) On January 26, 2012, GVHP affirmed its denial of the St. Mary's and Mayo Clinic claims. (*Id.*, Ex Y.) The detailed decision identified the facts relied upon and cited applicable plan provisions. (*Id.*)

### III.    Procedural History

Plaintiff filed her original Complaint in state court asserting claims for breach of contract and exemplary damages. On November 5, 2012, GVHP timely removed the lawsuit to this Court on the basis of federal question jurisdiction. (Dkt#1, Notice of Removal, ¶4.) On November 12, 2012, GHVP filed its motion to dismiss, asserting that both of Plaintiff's state law claims were preempted by ERISA. (Dkt##6, 7.) That same day, Plaintiff filed a motion to remand the case to state court for lack of subject matter jurisdiction. (Dkt#8.) Plaintiff based her motion on her belief that the Plan was exempt from ERISA. (*Id.*, ¶¶11-12.)

On August 26, 2013, this Court held a hearing on GVHP's motion to dismiss and Plaintiff's motion to remand. (Dkt#23.) This Court granted GVHP's motion and denied Plaintiff's motion, concluding that the Plan at issue was governed by ERISA and that Plaintiff's state law claims were completely preempted. (Dkt#24.) As part of his ruling, the Court rejected each of Plaintiff's arguments asserting that ERISA did not apply.[4]

On September 25, Plaintiff filed her Motion to Amend.  In addition to four state law causes of action (which Plaintiff concedes should be dismissed if this Court denies Plaintiff's

---

[4] Plaintiff has since filed a second motion to remand, which has been fully briefed.

pending second motion for remand), Count II asserts a claim for "Recovery of Plan Benefits" pursuant to an ERISA plan. (Dkt#25-1, ¶¶100-02.)  She alleges that she "has met all conditions precedent to bringing this action, and in particular, has exhausted all administrative remedies," (*id.*, ¶5), and attaches numerous exhibits related to her assertion of exhaustion.  Plaintiff also requests "attorney fees and costs incurred in pursuing payment from Defendant for any and all wrongfully denied claims and or previously unpaid settled claims pursuant to 29 USC 1132(g)(1)." (*Id.*, ¶92.)

As noted above, on October 18, Magistrate Judge Scoville granted Plaintiff's Motion to Amend, rejecting GVHP's arguments that Plaintiff's ERISA claim was futile in part because she seeks to recover for time-barred claims or, in the alternative, she failed to exhaust her administrative remedies for these claims.  (Dkt#40.)

### IV.    Objections and Argument

### A.    Applicable Standard of Review

Pursuant to 28 U.S.C. §636(b)(1)(A), district courts apply a "clearly erroneous or contrary to law" standard of review for magistrate judges' decisions on nondispositive matters. *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") Thus, a magistrate judge's decision must be set aside if it misapplies applicable law.

Plaintiff's Motion to Amend was governed by Fed. R. Civ. P. 15(a).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Examination of these factors "is to be made in light of Rule 1's

directive that the rules 'are to be construed to secure the just, speedy, and inexpensive determination of every action.'" *Minor v. Northville Public Schools*, 605 F.Supp. 1185, 1201 (E.D. Mich. 1985)(quoting Fed. R. Civ. P. 1).

A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss, *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993), or a motion for judgment on the pleadings, *Jung v. Association of American Medical Colleges*, 226 F.R.D. 7, 9 (D.D.C. 2005).  Although courts generally do not address affirmative defense at the motion to dismiss stage, there is an exception "if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Marsh v. Genetech*, 693 F.3d 546, 554-55 (6th Cir. 2012) (quotations omitted).  Here, as shown below, Plaintiff's ERISA denial of benefit claim is futile in part because the documents attached to her complaint show that her request for this Court to review non-St. Mary's and non-Mayo Clinic claims is barred by the statute of limitations or, in the alternative, her failure to exhaust administrative remedies.

**B.      The Magistrate Judge Erred in Failing to Conclude that Plaintiff's Proposed ERISA Claim is Futile to the Extent She Seeks to Recover for Benefit Denials that Occurred More than 180 Days Before She Filed Her Grievance**

GVHP concedes that Plaintiff's proposed Amended Complaint states a claim for relief 29 U.S.C. §1132(a)(1)(B) to the extent Plaintiff seeks review of the denial of coverage for the non-emergency, out-of-network treatment sought at St. Mary's Hospital and at the Mayo Clinic in Minnesota.[5] However, Plaintiff's ERISA claim is futile to the extent that she seeks to recover (a) for benefit denials occurring between August 2010 and May 10, 2011 (the "Earlier Claims") and (b) attorney fees incurred during the claim and appeal process.

Initially, Plaintiff's ERISA claims related to the Earlier Claims are barred by the Plan's

---

[5] GVHP asserts, however, that the denial of benefits should be upheld and will file its motion for judgment on the administrative record pursuant to *Wilkins v. Baptist Healthcare Systems*, 150 F.3d 609 (6th Cir. 1998) in accordance with any scheduling order issued by the Court.

180 day statute of limitations, which is reasonable and enforceable. *Morrison v. Marsh & McLennan Companies,* 439 F.3d 295, 302 (6th Cir. 2006) (granting motion to dismiss and enforcing statute of limitations contained in ERISA plan); *Hennigan v. Roofers Local 149 Pension Fund*, 2012 WL 2711396, *2 (E.D. Mich. 2012) (ERISA participant barred from pursuing disability benefits; lawsuit filed more than one year after benefit denial "runs afoul of the statute of limitations contained in the Plan, which provides that '[n]o action may be brought to recover benefits allegedly due under the terms of the Plan more than 180 days following the notice of decision on appeal.'"); *Roback v. UPS Retired Employees' Healthcare Plan*, 2010 WL 4286180 (E.D. Mich. 2012) (same); *Laird v. Norton Healthcare*, 442 Fed.Appx. 193, 197 (6th Cir. 2011) (affirming dismissal based on failure to exhaust where appeal not filed within 180 days of benefit denial).

Alternatively, Plaintiff's attempt to recover benefits for the Earlier Claims is futile because she did not exhaust her administrative remedies. Sixth Circuit precedent requires a plaintiff seeking Plan benefits to exhaust her administrative remedies. *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997); *Miller v. Met. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) ("The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court."). Here, the Plan's grievance procedure requires participants to file grievances within 180 days after the notification of the benefit denial. (Dkt#25-3, Ex B, §4.5. *See also* Dkt#26-3. Grievance Procedure [Page ID#476].) As discussed

above, Plaintiff did not initiate the grievance until October 26, 2011, at the earliest.[6] Therefore, Plaintiff cannot pursue the Earlier Claims benefit denials.

Assuming *arguendo* that Plaintiff's October 26, 2011 letter seeking review of all claims "which have been denied since August 2010 through the present date" constitutes the filing of a claim for the Earlier Claims (it does not, because the claim was untimely), then her failure to file an appeal of the denial (*i.e.*, the Plan's decision not to review denial of the Earlier Claims) demonstrates her claims fail as a matter of law. *Gallegos v. Mount Sinai Medical Center*, 210 F.3d 803, 808 (7th Cir. 2000) ("Failure to file a request for review within [a plan's] limitations period is one means by which a claimant may fail to exhaust her administrative remedies"); *Midgett v. Washington Group Intern. Long Term Disability Plan*, 561 F.3d 887, 899 (8th Cir. 2009) (claimant required to fully exhaust administrative remedies prior to filing suit).

Magistrate Judge Scoville erroneously concluded that he could not resolve GVHP's exhaustion and statute of limitations, citing *Beamon v. Assurant Employee Benefits*, 917 F. Supp. 2d 662 (W.D. Mich. 2013) (Quist, J).  But, in *Beamon*, Judge Quist granted the defendant's motion to dismiss in an ERISA case because a lack of exhaustion of administrative remedies was apparent from the face of the complaint.  *Id.* at 667.

Similarly here, Plaintiff's complaint – including the letters attached to the complaint –

---

[6] Apparently attempting to skirt and stretch the 180 day grievance review limitations period, Plaintiff states that on September 2, 2011, her attorneys "sent a letter to Defendant providing notice of Plaintiff's intention to initiate the administrative review process." (Dkt#25-1, ¶51). The letter referenced, however, cannot plausibly be construed as initiating the grievance review process and was instead merely a request for documentation. (*See id.*, Ex D).  Indeed, on October 10, 2011, Plaintiff's counsel wrote a letter stating, "It is our intention to try and resolve this matter *without having to file a formal grievance*," effectively conceding that no grievance had been filed. (*Id.*, Ex I (emphasis added).)  And, Plaintiff's counsel's October 26, 2011 states, "Please consider this letter a notification of a request *to initiate the grievance process* regarding all denied claims." (*Id.*, Ex J (emphasis added).)  Finally, Plaintiff's November 30, 2011 letter is titled "Request for Formal Grievance." (*Id.*, Ex L.)  Thus, Plaintiff filed her grievance either on October 26 or November 30, 2011.

provide the Court with all of the information it needs to resolve GVHP's statute of limitations and failure to exhaust administrative remedies arguments: (1) the Plan clearly limits grievance rights to 180 days from the date of denial and (2) Plaintiff did not file an appeal until, at the earliest, October 26, 2011. Accordingly, any claim that accrued more than 180 days before April 29, 2011 is untimely. Moreover, the documentation supplied by Plaintiff demonstrates that she only appealed the denial of the St. Mary's and Mayo Clinic claims, not the Earlier Claims. Thus, those are the only claims that are properly before this Court.

Courts have reached similar results in other cases, relying on affirmative defenses to dismiss claims at the motion to dismiss stage when the undisputed facts conclusively establish the affirmative defense. *See, e.g., Morrison*, 439 F.3d at 302 (dismissing ERISA claims on statute of limitation claims at motion to dismiss stage); *Janosek v. City of Cleveland*, 718 F.3d 578, 581 (6th Cir. 2013) (district court properly dismissed claims on statute of limitations grounds based on dates in the complaint); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (dismissing ERISA breach of fiduciary duty claims as timebarred on 12(b)(6) motion to dismiss); *Hensley Mfg. v. ProPride,* 579 F.3d 603, 613 (6th Cir. 2009) ("there is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law"). Accordingly, because the portion of Plaintiff's ERISA denial of benefits claim seeking review of the non-St. Mary's and non-Mayo Clinic services would not survive a motion to dismiss or a motion for judgment on the pleadings, Magistrate Judge Scoville erred in permitting Plaintiff to file an amended complaint that sought to recover for these claims.

Finally, Plaintiff's ERISA claim is futile to the extent it seeks attorney fees incurred prior to filing suit. As noted above, Plaintiff seeks fees "incurred in pursuing payment from Defendant," (Dkt#25-1, ¶92), indicating that she believes she is entitled to recover fees incurred by her attorneys during the claim and appeal process. But, Plaintiff cannot recover for this time

because "ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding." *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000); *Kahane v. UNUM Life Ins. Co. of America*, 563 F.3d 1210, 1215 (11th Cir. 2009) (following six other circuit courts of appeals who have rejected costs and fees incurred as part of pre-litigation administrative proceedings). In other words, ERISA attorney fees are "categorically unavailable for expenses incurred while exhausting administrative remedies." *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003). *See also Hahnemann Univ. Hosp. v. All Shore*, 514 F.3d 300, 313 (3d Cir. 2008) (fees incurred "prior to filing suit are unavailable under 29 U.S.C. § 1132(g)(1)").

## V.  Conclusion

For the foregoing reasons, GVHP requests that the Court sustain these objections and enter an Order ruling that (a) Plaintiff's Amended Complaint is limited to those services covered by Plaintiff's second-level appeal, which relates solely to claims incurred for non-emergency, non-preauthorized treatment outside GVHP's service area at St. Mary's Hospital and the Mayo Clinic from 9/14/11 to 9/21/11 and 10/10/11 to 10/17/11 and (b) Plaintiff may not recover for attorney fees incurred during the claim and appeal process.

> Respectfully submitted
> Miller, Canfield, Paddock and Stone, P.L.C.
> By /s/ Brian M. Schwartz (P69018)
> Attorneys for Defendant
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226
> 313-963-6420; FAX 313-496-8451
> schwartzb@millercanfield.com

Dated: October 31, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to:

Michelle Marie McLean      michellem@bolhouselaw.com

/s/Brian M. Schwartz
Brian M. Schwartz (P69018)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com

21647455.1\133863-00012

-11-