UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN
_____

| | |
|---|---|
| ANNE FLORENCE ANDRE-PEARSON,<br>Plaintiff, | Hon. Paul A. Maloney<br>Case No.1:12-cv-01223 |
| | Kent County Circuit Court<br>Case No. 12-09330-CK |
| -vs- | Hon. Donald A. Johnson |
| GRAND VALLEY HEALTH PLAN INC.,<br>A Michigan Corporation, | |
| Defendant.<br>_____/ | |
| Michelle M. McLean (P71393)<br>Joel W. Baar (P56796)<br>Michael J. Distel (P43814)<br>Bolhouse, Baar & Lefere, P.C.<br>Attorneys for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Drive, SW<br>Grandville, MI 49418<br>(616) 531-7711<br>michellem@bolhouselaw.com<br>joelb@bolhouselaw.com | MICHAEL A. ALAIMO (P29610)<br>BRIAN M. SCHWARTZ (P69018)<br>MILLER CANFIELD PADDOCK &<br>STONE PLC<br>Attorneys for Defendant<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313)963-6420<br>alaimo@millercanfield.com<br>schwartzb@millercanfield.com |

_____

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S
OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 18, 2013 ORDER**

NOW COMES Plaintiff, Anne Florence Andre-Pearson ("Plaintiff") by and through her attorneys, Bolhouse, Baar, & Lefere PC, and herby files this Brief in Response to Defendant's Objections to Magistrate Judge's October 18, 2013 Order Granting Leave to Amend, and in support so states:

BRIEF PROCEDURAL BACKGROUND

Defendant objected to the Magistrate Judge's Order of October 18, 2013 which granted the Plaintiff leave to file an amended complaint. In addition to this pending objection, the Plaintiff has filed a 2nd Motion to Remand which is currently pending before this Court. Since Plaintiff did not want to waive any possible state law claims, in the event that the Plaintiff's 2nd

Motion to Remand was granted, Plaintiff included her state law claims in her proposed amended complaint. However, Plaintiff stipulated, both in the Complaint and on the record, that any state law claims would be dismissed to the extent that this Court determines that the Plan at issue is governed by ERISA.

LAW & ARGUMENT

1. Fed. R. Civ. P 15(a)(2)

Pursuant to Fed.R.Civ.P. 15(a)(2), leave to amend shall be "freely give [n] ... when justice so requires," *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995) (citing *Ford v. Ford*, 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962)). In the present case, the Defendant's objection to the Magistrate's Order is based solely on the Defendant's allegation that the amendment is futile. The Defendant does not allege that the amendment was brought in bad faith or for dilatory purposes or that it would result in undue delay or prejudice the Defendant.

2. Fed. R. Civ. P. 72(a); 28 USC §636(b)(1)(A)

In order to set aside the Magistrate Judge's Order, the Court would have to find that ithe Order was "clearly erroneous" or "contrary to law" pursuant to Fed. R. Civ. P. 72(a); 28 USC §636(b)(1)(A). Under the clearly erroneous standard, the Court must overturn the Magistrate Judge's findings " . . . only where it is against the clear weight of the evidence or when upon review of evidence, [the] court is left with the definite and firm conviction that a mistake as been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). *See also Johnson v. United States,* 600 F.2d 1218, 1222 (6th Cir.1979). It is not enough that [the District Court Judge] might give the facts another construction, resolve ambiguities differently or reach a conclusion different from that of the [Magistrate Judge]. *Strickler v. Pfister Associated Growers, Inc.,* 319 F.2d 788, 791 (6th Cir.1963) (Fox, concurring).

In the present case, Magistrate Judge's ruling is not clearly erroneous or contrary to law; furthermore, Plaintiff's amendment is not futile as her claims are not time barred and she indeed exhausted administrative remedies. The Defendant claims are based on the Defendant's application of an incorrect limitations period. (Doc.#51; Page 11).

Amendment is not futile because the claims are timely and because Plaintiff has exhausted all administrative remedies.  The Plaintiff properly exhausted all administrative remedies for all claims which are currently pending before the Court pursuant to procedures set forth in the Certificate of Coverage, Art. 4, §4.5 (Doc. #25-3; Page 29) and the Member Handbook (Doc# 25-4; Page 48).

3. <u>The Settled Claims Are Not Time Barred and the Plaintiff Exhausted Administrative Remedies.</u>

First, Plaintiff seeks payment of certain previously denied claims which the Defendant already expressly agreed to pay following the exhaustion of the First Level Administrative Review Process.  (See Defendant's December 15, 2011 Letter; Docket # 26-8).  In the proposed Amended Complaint, the Plaintiff defines these such claims as the "Settled Claims."  The Settled Claims were incurred February 12-March 5, 2011; March 8-28, 2011; May 29-31, 2011; June 12, 2011; and September 1-2, 2011.  (Doc. #25-1, Page 9; ¶ 67).

The Defendant refuses to pay the Settled Claims, which remain unpaid as of November 13, 2013.   The Defendant's position regarding the Settled Claims is intellectually dishonest: The Defendant provided written notification to the Plaintiff that it would indeed pay the Settled Claims after the First Level Administrative Review. Hence, Plaintiff did not pursue a Second Level Administrative Review since it would have been unnecessary. Plaintiff relied on the Defendant's written letter that it would pay the claims and did not pursue the Second Level Administrative Review; however, the Defendant has apparently reneged on its offer to pay the Settled Claims based on its arguments in this case. The Defendant is estopped from asserting the "failure to exhaust administrative remedies" as a defense to litigating the Settled Claims.

4. <u>The Mayo Claims Are Not Time Barred and Plaintiff has Exhausted All Adminstrative Remedies.</u>

Next, Plaintiff seeks payment of certain claims which the Defendant refused to pay following the exhaustion of the Second Level Administrative Review Process. Plaintiff has defined as these particular claims as the "Mayo Claims" (Doc. #25-1, Page 8; ¶ 58). These claims remained unsettled following the filing of Plaintiff's grievance and after the Second Level of Administrative Review.  The Defendant admits that the Mayo Claims are appropriately litigated. (Doc. #51, Page 14) but argues that the Settled Claims, and any other earlier claims, are futile.

5. <u>The Contractual Limitations Period is 3 Years, not 180 Days</u>

Defendant's allegation that the Plaintiff's claims are time-barred is incorrect. The Defendant incorrectly asserts that a "180-day period of limitations" governs this case.  The Defendant is referring to the Certificate of Coverage, Article IV, §4.5, which covers "Grievance Procedures" and which gives a plan participant "up to 180 days after notification of the denial to file an appeal." (Doc. #25-3; Page 29).  The filing of an "appeal" is also referred to as "filing a grievance" and involves the participant seeking a First Level Administrative Review of the denied claim(s).  (Doc. #25-3; Page 29).  Therefore, the 180-day period is not a contractual limitations period barring future legal action.

The contractual limitations period in this case is actually three years pursuant to the Certificate of Coverage.   (Doc. #25-3; Page 34).  The contract reads, "Written proof of loss must be filed within 365 days from the date of service (See Doc #25-3; Page 31); it further states, "legal actions must be filed prior to the expiration of 3 years after the written time for proof of loss is required to be furnished."  See Certificate of Coverage, Art. 5, §9.15, which refers to "Legal Action." (Doc. #25-3; Page 34).   The language in this case's Certificate of Coverage, both referring to the time period to file an appeal on a grievance and by which to file

4

a legal action, is identical to the contractual language found in the case of *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 C.A.6 (Ohio 2009). The *Rice* Court determined that the correct limitations period was three years pursuant to the contract.

In the present case, the Plaintiff filed her complaint on October 5, 2012 seeking payment of claims incurred from February 2011 forward. According to the Parties' contract, Plaintiff actually has until February 2015 by which to file a legal action before the contractual limitations period runs out.

6. <u>The Plaintiff is Not Seeking Enforcement of Any Claims Incurred Prior any Settled Claims</u>

Even though the claims would not be time barred, the Defendant's argument is irrelevant because Plaintiff does not seek enforcement of any "unsettled" claims or claims which were denied more than 180 days before she filed her first grievance. Plaintiff defines such claims in her proposed Amended Complaint as "the Earlier Claims" (See Doc #25-1, Page 8, ¶60). Nevertheless, and based on the contract, even the "Earlier Claims" would <u>not</u> be time barred, contrary to Defendant's argument.

7. <u>The Defendant's Argument Against An Award of Attorney Fees is Premature</u>

Defendant alleges against Plaintiff's request for the payment of attorney fees incurred collecting any of the "wrongfully denied claims" and or for all previously "settled yet unpaid claims" pursuant to 29 USC 1132(g)(1). Plaintiff's request for attorney fees was included as an allegation in the Complaint and was not included as an independent claim. (Doc 25-1, Page 12; ¶92). Certainly, Plaintiff would be appropriately awarded pursuant to 29 USC 1132(g)(1) if she prevails. Nonetheless, such a matter is not properly decided on a Motion to Amend or a Motion to Dismiss.

8. <u>Plaintiff's Amended Complaint Can Withstand a Rule 12(b)(6) or Rule 12(c) Motion.</u>

Plaintiff's proposed Amended Complaint could indeed withstand a Rule 12(b)(6) Motion to Dismiss; furthermore, the proposed Amended Complaint is well-plead and documented with

5

admissible evidence. Although futility of a proposed amendment is a ground on which the Court can deny leave to amend, see *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579 (6th Cir.1990), the focus of that inquiry is whether the proposed amended complaint states a claim upon which relief can be granted and not on whether the plaintiff will eventually be able to prove that claim. See *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) [Emphasis Added]. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." See *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 96 (N.D.Ill.2008) ("matters that cannot be resolved on a motion to dismiss ... do not preclude an amendment to the complaint").

To withstand a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[2] (3d ed.2000). Plaintiff's Proposed Amended Complaint states that Plaintiff "has met all conditions precedent to bringing this action, and in particular, has exhausted all administrative remedies." (Doc. #25-1; Page 2; ¶5).

The Court must accept as true all factual allegations in the pleadings, including Plaintiff's allegation that she exhausted all administrative remedies, and any ambiguities must be resolved in the Plaintiff's favor. *Jackson v. Richards Med. Co.,* 961 F.2d 575, 577–78 (6th Cir.1992).

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). See *Tucker v. Middleburg– Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008). In a Rule 12(c) motion, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual

allegations as true, and make reasonable inferences in favor of the non-moving party. See *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008); *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir.2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)). Plaintiff's proposed Amended Complaint establishes that there indeed are "material issues of fact" and the Defendant is not entitled to judgment as a matter of law.

## CONCLUSION

This Court must overrule the Defendant's Objection in its entirety and allow the Magistrate Judge's October 18, 2013 Order Granting Plaintiff leave to File an Amended Complaint to stand.

Respectfully submitted,

Dated: October 8, 2013             Bolhouse, Baar & Lefere, P.C.

By: /s/ Michelle M. McLean
Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Plaintiff Anne Florence Andre-Pearson